■ In the Matter of the Claim of BRENT J. RANCE, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [602 NYS2d 236] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 17, 1992, which, *inter alia,* ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant was the executive vice-president of a company that filed for bankruptcy. At issue are claimant's actions on behalf of the company from November 24, 1989 until March 1990 when a trustee was appointed. According to claimant, he had no authority to act for the company after November 24, 1989 and the record contains a letter of that date wherein he resigned from the company. Nevertheless, claimant admitted that in November 1989 he had company mail forwarded to his home address and that for "a period of time" all of the company's mail was delivered to him. There is also evidence in the record that as late as March 1990 company mail was still being forwarded to claimant's home. In addition, through March 1990, claimant and the company's president issued company checks to pay company bills. Claimant also admitted that he charged telephone calls to the company after 1989 and that on at least two occasions between January 1990 and March 1990 he went to the office of the company's lawyer to mail out invoices and checks.

Given these facts, there is substantial evidence to support the conclusion by the Unemployment Insurance Appeal Board that claimant's activities in connection with winding up the company's affairs were of such a nature as to render him not totally unemployed *(see, Matter of Baer [Hartnett],* 166 AD2d 784; *Matter of St. Germain [Ross],* 78 AD2d 565; *Matter of Wodzynski [Levine],* 51 AD2d 815). Actual financial gain from employment is not a prerequisite for such a finding *(see, Matter of Giordino [Ross],* 85 AD2d 824). The Board was also free to reject claimant's testimony that he presigned all of the checks dated after November 24, 1989 *(see, Matter of Barber [Roberts],* 121 AD2d 767). The question of whether he had effectively resigned and completely disassociated himself from the company presented a matter of credibility for the Board to resolve *(see, Matter of Elman [Catherwood],* 22 AD2d 991).

Finally, there is substantial evidence to support the conclusion that claimant made willful false statements in order to obtain unemployment insurance benefits and that they were recoverable *(see, Matter of O'Leary [Roberts],* 93 AD2d 915).

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.