■ In the Matter of the Claim of JOHN J. KAPITANY, Appellant. COMMISSIONER OF LABOR, Respondent. [781 NYS2d 717]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 18, 2003, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

In May 1997, claimant and his wife filed a certificate of doing business in order for claimant's wife to operate a pizzeria and deli in a building that claimant had purchased with money he had inherited. Claimant, who was a seasonal employee at a factory, filed for unemployment insurance benefits effective May 20, 1997, October 19, 1998, October 30, 2000, November 5, 2001 and January 6, 2003. During these periods when claimant was

not working at the factory, he would visit his wife at the pizzeria and, approximately twice a month, assist her with picking up supplies, banking, writing checks or performing maintenance on the premises. Notwithstanding these activities, and contrary to the information contained in the unemployment insurance benefits handbook which claimant received, he certified that he performed no work during the periods at issue.

Following a hearing, the Administrative Law Judge ruled claimant ineligible to receive unemployment insurance benefits because he was not totally unemployed, charged claimant with an overpayment and reduced his right to receive future benefits on the basis that he made willful false statements to obtain benefits. The Unemployment Insurance Appeal Board affirmed the Administrative Law Judge's decision and this appeal ensued.

On appeal, claimant challenges the Board's decision only to the extent that it found that he was not totally unemployed for the claim period effective January 6, 2003. Although claimant maintains that he ceased all work for the pizzeria after he received a letter in February 2003 from the Department of Labor regarding an investigation into his ownership of a business, claimant's only testimony in this regard is that he removed his name from the business certificate. In view of claimant's admission that he sporadically helped his wife with the business, and given the lack of any testimony at the hearing that he ceased performing such tasks, we find no reason to disturb the Board's assessment of credibility and the inferences to be drawn therefrom (*see Matter of Di Maria v Ross*, 52 NY2d 771 [1980]; *Matter of Ciraolo [Commissioner of Labor]*, 302 AD2d 848 [2003]).

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.