■ In the Matter of the Claim of SCOTT C. BIGELOW, Appellant. COMMISSIONER OF LABOR, Respondent. [786 NYS2d 665]—

Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 18, 2004, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant, the vice-president and 50% shareholder of an advertising services company, and his business associate had a falling out in March 2003, as a result of which claimant stopped coming to work at the company's office. The business ceased operations in July 2003. The Unemployment Insurance Appeal Board denied claimant's subsequent application for unemployment insurance benefits, finding that he was not totally unemployed during the period for which he sought benefits. This appeal by claimant ensued.

We affirm. The case law makes clear that a corporate officer who performs activities in connection with the winding up of a corporation will not be considered totally unemployed, even if his or her activities in this regard are minimal (*see Matter of*

*Dolcater [Commissioner of Labor]*, 307 AD2d 583 [2003]). Here, the record reveals that claimant engaged in a number of activities in furtherance of the dissolution of the business during the period for which he sought benefits, including discussions with the bank concerning the repayment of a loan he had cosigned, paying company bills, attempting to obtain accounting information and consulting with his attorney. The record further reflects that the proceeds from the eventual sale of the company's assets would be applied to the outstanding bank loan, thereby reducing claimant's personal liability thereon. Under such circumstances, we cannot say that the Board erred in concluding that claimant was not totally unemployed during the relevant period. As the Board's decision in this regard is supported by substantial evidence in the record as a whole, it is affirmed.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.