■ In the Matter of the Claim of JUANITA L. HASELTINE, Appellant. COMMISSIONER OF LABOR, Respondent. [817 NYS2d 445]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 18, 2005, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

In the spring of 2002, claimant started a construction busi-

ness for which she filed a certificate of doing business with the Warren County Clerk. Due to mounting debt, she ceased operating the business during the summer of 2003 and, in October 2003, began working for a cigarette retail outlet until she was laid off in March 2004. She filed a claim for unemployment insurance benefits on April 5, 2004 and received benefits totaling $1,928 for the weeks ending April 18, 2004 through June 6, 2004. She stopped applying for benefits in mid-June 2004 when she resumed operating her construction business. The Department of Labor subsequently found that claimant was ineligible to receive benefits because she was not totally unemployed, charged her with a recoverable overpayment of benefits of $1,928 and reduced her right to receive future benefits by 96 days. Following a hearing, an Administrative Law Judge overruled these findings and found that claimant was eligible to receive benefits. The Unemployment Insurance Board, however, reversed the Administrative Law Judge's decision and sustained the Department's findings. Claimant now appeals.

Initially, we acknowledge that a claimant who performs activities, even if minimal, on behalf of an ongoing business during a benefit period will not be considered totally unemployed where he or she stands to gain financially from the continued existence of the business (*see Matter of Restivo [Commissioner of Labor]*, 24 AD3d 1007, 1007 [2005]). Nevertheless, we find this principle inapplicable to the case at hand inasmuch as there was no evidence presented that claimant performed any activities on behalf of the construction business during April, May and early June 2004 while she was collecting benefits (*compare Matter of Kapitany [Commissioner of Labor]*, 10 AD3d 756, 757 [2004]; *Matter of Bundschuh [Commissioner of Labor]*, 288 AD2d 745, 746 [2001]). For all practical purposes, claimant discontinued the operations of the business during the summer of 2003 when she ceased paying wages, cancelled liability and workers' compensation insurance, closed the business checking account, stopped soliciting clients and completed certain paperwork pertaining to the business closure. The only thing she did not do was formally terminate the certificate of doing business. In our view, her failure to formally terminate her certificate of doing business alone is not sufficient to establish that claimant was still involved with and stood to gain a financial benefit from the continued existence of the business during the very brief period of time at issue so as to support a finding that she was not totally unemployed. Accordingly, the Board's decision is not supported by substantial evidence and must be reversed.

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ.,

concur. Ordered that the decision is reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.