In the Matter of the Claim of ROBERT E. SALOMONE, Appellant. COMMISSIONER OF LABOR, Respondent. [826 NYS2d 757]—

Rose, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 8, 2005, which ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant was a 50% partner and president of Robert Martin, Inc., a subchapter S corporation that ceased operations in August 2004. Claimant applied for unemployment insurance benefits and was determined to be ineligible. As relevant to this appeal, the Unemployment Insurance Appeal Board found that

claimant was not totally unemployed because of his status as an officer of an existing corporation, his responsibility to settle corporate debts, the existence of accounts receivables, and the potential for him to benefit from corporate losses on his personal tax return. Claimant appeals.

A corporate officer who performs even minimal services for a corporation may be found to be not totally unemployed (*see Matter of Spinning [Commissioner of Labor]*, 28 AD3d 975, 976 [2006]; *Matter of Stanton [Commissioner of Labor]*, 291 AD2d 698, 699 [2002]), as may an officer who benefits by deducting corporate expenses on his or her personal tax returns (*see Matter of Singer [Commissioner of Labor]*, 30 AD3d 928, 929 [2006]; *Matter of Rozestraten [Commissioner of Labor]*, 27 AD3d 864, 865 [2006]; *Matter of McHugh [Commissioner of Labor]*, 305 AD2d 923, 924 [2003]). A determination by the Board that a claimant is not totally unemployed must, however, be supported by substantial evidence (*see Matter of Fowler [Commissioner of Labor]*, 6 AD3d 905, 906 [2004]; *Matter of Masciopinto [Commissioner of Labor]*, 252 AD2d 891, 892 [1998]).

Claimant made his claim for unemployment insurance benefits on August 15, 2004. The uncontradicted evidence showed that Robert Martin, Inc. ceased all functioning by mid-August 2004, that the corporation had formally requested dissolution, and that the only remaining corporate activity to be undertaken was the completion and submission of the corporate tax return for 2004. Although there was evidence of accounts payable in June 2004 and accounts receivable in August 2004, there was no evidence of any activity on these accounts after August 2004. There was no evidence that claimant would be involved in submission of the corporate tax return, nor was there any evidence of any other corporate related activity by claimant after the date of his application for benefits. The mere fact that the corporation's application for dissolution had not yet been acted upon is insufficient to support a finding that claimant was not totally unemployed (*see Matter of Haseltine [Commissioner of Labor]*, 30 AD3d 938, 939 [2006]). Further, while an officer of a subchapter S corporation has the potential to benefit personally from the deduction of corporate expenses, the record here bears no evidence that claimant took such deductions (*compare Matter of Singer [Commissioner of Labor], supra; Matter of Rozestraten [Commissioner of Labor], supra; Matter of McHugh [Commissioner of Labor], supra; Matter of Stanton [Commissioner of Labor], supra; cf. Matter of Basile [Commissioner of Labor]*, 252 AD2d 644 [1998]), or even that he intended to do so (*compare Matter of Dolcater [Commissioner of*

*Labor]*, 307 AD2d 583, 584 [2003]; *Matter of Loh [Commissioner of Labor]*, 302 AD2d 786, 787 [2003]). Indeed, the only evidence addressed to claimant's personal tax return for 2004 revealed that his personal finances would suffer, not benefit, from the financial condition of the corporation. In the absence of any evidence that the corporation continued to function, that claimant continued to perform corporate activities, or that he would benefit financially from the corporation, the Board's determination is not sustainable.

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.