■ In the Matter of the Claim of ROBIN A. McVEY, Appellant. COMMISSIONER OF LABOR, Respondent. [839 NYS2d 352]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 10, 2006, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Claimant and a partner rented space at a consignment shop to sell antiques and other items that they had purchased at auctions. They filed a certificate of doing business in February 2005 and opened a business checking account. When an item was sold, the proceeds of the sale were picked up by claimant and deposited into the business bank account. They advertised and had business cards printed. An inventory list was maintained and claimant kept track of her business expenses for tax purposes. In November 2005, a certificate of discontinuance was filed for the business and the bank account was closed. In the meantime, in June 2005, claimant's full-time employment had ended and she thereafter applied for and received unemployment insurance benefits. Ultimately, the Unemployment Insurance Appeal Board found claimant ineligible to receive unemployment insurance benefits on the ground that she was not totally unemployed. She was also charged with a recoverable overpayment of benefits and assessed a forfeiture penalty of benefit days upon a finding that claimant had made willful false statements to obtain benefits. Claimant now appeals.

We affirm. Substantial evidence supports the Board's assessment of claimant's credibility and the inferences it drew from the evidence offered (*see Matter of Kazin [Commissioner of Labor]*, 267 AD2d 581 [1999]). While claimant's activities on behalf of the business were minimal and unprofitable, this did not preclude a finding that she was not totally unemployed and that she stood to gain financially from the continued operation of the business (*see Matter of Sichel [Commissioner of Labor]*, 301 AD2d 771 [2003]; *Matter of Johnston [Commissioner of Labor]*, 253 AD2d 949 [1998]). Claimant admittedly performed various activities in connection with running the business and stood to benefit from its continued existence even if it was not showing a profit (*see Matter of McDonald [Commissioner of Labor]*, 26 AD3d 636 [2006]).

Nor can we accept claimant's contention that she did not willfully make false statements. She regularly certified that she was not employed during the benefit period despite the fact that she was involved with her business. Claimant never reported the existence of the business or her relationship thereto. Although claimant testified that she did not think about the business when she filed for benefits and viewed it more as a hobby because it was not making money, it was within the Board's province to determine whether these statements were credible (*see Matter of Rosenberg [Commissioner of Labor]*, 307 AD2d 506 [2003]). In this regard, claimant admitted that she had received and read the informational handbook that set forth

what activities were required to be reported. In any event, even if claimant's reasons for not reporting her involvement with the business were accepted, it was still her responsibility to disclose all information that might be relevant to her right to receive benefits (*see Matter of Whylie [Commissioner of Labor]*, 38 AD3d 1037 [2007]).

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.