In the Matter of the Claim of BRIAN DOWNTON, Appellant. COMMISSIONER OF LABOR, Respondent. [846 NYS2d 413]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 19, 2006, which ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant was the sole officer and shareholder of a transmission repair business that he closed in September 2005. He thereafter filed a claim for unemployment insurance benefits effective September 24, 2005. During October 2005 and continuing through January 2006, claimant took measures to wind up the business, including selling the equipment as well as the building. During this time, he deposited the proceeds into the corporate checking account and made payments to vendors to whom he owed money. As of the March 16, 2006 hearing on claimant's application for unemployment insurance benefits,

the corporate checking account was still open and formal dissolution of the business was awaiting the filing of the final corporate tax returns. The Unemployment Insurance Appeal Board ultimately ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed. Claimant now appeals.

Claimant asserts that the Board's decision is erroneous because the activities he performed with respect to the business were minimal and pertained solely to the winding up of the business. We find this contention to be unavailing. "The case law makes clear that a corporate officer who performs activities in connection with the winding up of a corporation will not be considered totally unemployed, even if his or her activities in this regard are minimal" (*Matter of Bigelow [Commissioner of Labor]*, 13 AD3d 1022, 1022-1023 [2004] [citation omitted]; *compare Matter of Haseltine [Commissioner of Labor]*, 30 AD3d 938 [2006]). Inasmuch as claimant performed activities in furtherance of the closure of the business throughout the benefit period, we find no reason to disturb the Board's decision.

Mercure, J.P., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.