◼ In the Matter of the Claim of GREGORY C. HINDS, Appellant. COMMISSIONER OF LABOR, Respondent. [851 NYS2d 286]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 28, 2006, which ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant was the sole officer and shareholder of a computer programming consulting corporation. He ceased offering his services as of August 31, 2005.* Claimant thereafter filed an application for unemployment insurance benefits effective September 5, 2005 and took various measures to wind up the

---

* The corporation was formally dissolved on January 6, 2006.

corporation, including processing business mail, providing information to his accountant, writing checks on the corporate bank account, paying business-related expenses and taxes, and depositing money representing his final paycheck into his personal checking account. The Unemployment Insurance Appeal Board ultimately determined that claimant was ineligible to receive unemployment insurance benefits for the period of September 5, 2005 through December 13, 2005 on the basis that he was not totally unemployed during that period. Claimant now appeals.

We affirm. It is well settled that " 'a corporate officer who performs activities in connection with the winding up of a corporation will not be considered totally unemployed, even if his or her activities in this regard are minimal' " (*Matter of Downton [Commissioner of Labor]*, 45 AD3d 1088, 1089 [2007], quoting *Matter of Bigelow [Commissioner of Labor]*, 13 AD3d 1022, 1022-1023 [2004]). Since claimant gained financially from the business after he filed for benefits, the Board's decision will not be disturbed (*compare Matter of Salomone [Commissioner of Labor]*, 34 AD3d 1037, 1038 [2006]).

Cardona, P.J., Peters, Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.