In the Matter of the Claim of WINSTON R. MARTINEZ, Appellant. COMMISSIONER OF LABOR, Respondent. [862 NYS2d 127]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 19, 2006, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant filed original claims for benefits effective August 29, 2004 and September 26, 2005. As to the August 2004 claim, substantial evidence supports the Unemployment Insurance Appeal Board's finding that claimant's request for a hearing was untimely. Although the underlying notice of determination was mailed to claimant on April 13, 2006, he did not request a hearing until more than three months later—well beyond the 30-day limit imposed by Labor Law § 620 (1) (a) (see Matter of Jarrett [Commissioner of Labor], 13 AD3d 965 [2004]). Claimant's proffered excuse for the delay—that he "had a lot going on" at that time—falls far short of demonstrating that he suffered from a mental or physical incapacity that precluded him from requesting a hearing within the 30-day period (see id.).

Turning to the September 2005 claim, the record reflects that claimant formed a corporation in November 2004 and thereafter performed computer research in furtherance of starting up his business and made up business cards. In October 2005, claimant amended the certificate of incorporation to change the corporation's name and subsequently attended industry association meetings, opened a business checking account and began performing consulting services, for which the corporation received payment on October 30, 2005. Under such circumstances, substantial evidence supports the Board's finding that claimant was not totally unemployed during the relevant time period. To the extent that claimant contends that his business was not active until late October 2005 or early November 2005, his testimony is belied by other evidence in the record and, in any event, presented a credibility issue for the Board to resolve (see Matter of Cefalu [Commissioner of Labor], 41 AD3d 1088, 1089 [2007]). Finally, inasmuch as claimant failed to disclose his role in the corporation or his business activities, we find no basis upon which to disturb the Board's finding that claimant

made a willful false statement to obtain unemployment insurance benefits (*see Matter of McVey [Commissioner of Labor]*, 42 AD3d 796, 797-798 [2007]).

Mercure, J.P., Spain, Rose, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.