■ In the Matter of the Claim of BARBARA K. DEANGELO, Appellant. COMMISSIONER OF LABOR, Respondent. [863 NYS2d 292]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 12, 2007, which ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Substantial evidence supports the Unemployment Insurance Appeal Board's decision ruling that claimant, the president and sole shareholder of a subchapter S corporation engaged in the business of supplying and stocking vending machines, was ineligible to receive unemployment insurance benefits because she was not totally unemployed. "It is well settled that a corporate officer who performs activities in connection with the winding up of a corporation will not be considered totally unemployed, even if his or her activities in this regard are minimal" (Matter of Hinds [Commissioner of Labor], 48 AD3d 874, 875 [2008] [internal quotation marks and citations omitted]; see Matter of Downton [Commissioner of Labor], 45 AD3d 1088, 1089 [2007]). During the relevant time period, claimant prepared the final corporate tax return and filed the dissolution paperwork, pri-

marily in an effort to facilitate her receipt of unemployment insurance benefits, in addition to writing checks for equipment repairs and state franchise taxes. As of the date of the hearing, the corporation had not been formally dissolved, the corporate checking account—on which claimant was the sole signatory—remained open with a balance of approximately $2,500, the corporation's post office box was still in existence and approximately 10 vending machines remained at their respective locations. Under such circumstances, the Board quite properly concluded that claimant was not totally unemployed (*see Matter of Downton [Commissioner of Labor]*, 45 AD3d at 1088-1089; *Matter of Tyk [Sweeney]*, 220 AD2d 907, 908 [1995]; *compare Matter of Haseltine [Commissioner of Labor]*, 30 AD3d 938, 939 [2006] [no evidence that the claimant performed *any* activities on behalf of the business during the period she collected benefits]). Contrary to claimant's assertion, actual financial gain is not a prerequisite to a finding that a claimant is not totally unemployed (*see Matter of Rance [Hudacs]*, 196 AD2d 930, 930 [1993]).

Mercure, J.P., Peters, Carpinello, Kane and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.