■ In the Matter of the Claim of JOSE A. UMPIERRE, Appellant. COMMISSIONER OF LABOR, Respondent. [875 NYS2d 323]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 2, 2008, which ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Whether a claimant is totally unemployed presents a factual issue for the Unemployment Insurance Appeal Board to resolve, and its determination in this regard, if supported by substantial evidence in the record as a whole, will not be disturbed (see Matter of Bernard [Commissioner of Labor], 53 AD3d 1006 [2008]; Matter of Chirico [Commissioner of Labor], 49 AD3d 1104, 1105 [2008]; see generally Matter of Thomas [Commissioner of Labor], 58 AD3d 1099 [2009]). Claimant, who performed administrative clerical work for a temporary employ-

ment agency, claims that there was no "solid documentation presented to support the Board's determination." However, the employer submitted copies of claimant's pay stubs showing his wages for the time period in question, as well as a completed "audit of unemployment insurance benefit pay" form that specified the dates that claimant worked. This documentary evidence submitted by the employer establishes that claimant indeed worked for the employer on dates that he claimed to be totally unemployed (*see Matter of De Robbio [Commissioner of Labor]*, 8 AD3d 947, 947-948 [2004]). While claimant testified that he could not recall working during this period, his testimony falls short of denying that he worked. Under such circumstances, the Board's finding that claimant was not totally unemployed, as well as its imposition of a recoverable overpayment and forfeiture of future benefits, is supported by substantial evidence (*see Matter of Perez [Commissioner of Labor]*, 19 AD3d 793, 794 [2005]; *see also Matter of Sexton [Commissioner of Labor]*, 51 AD3d 1312, 1312-1313 [2008]).

Lahtinen, J.P., Malone Jr., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.