■ In the Matter of JAMES R. BUNTING, Appellant. COMMISSIONER OF LABOR, Respondent. [877 NYS2d 510]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 28, 2008, which, among other things, denied claimant's application to reopen and reconsider a prior decision.

By decision filed May 28, 2008, the Unemployment Insurance Appeal Board denied claimant's application to reopen and reconsider its November 3, 2006 decision ruling that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed. Because claimant's application to reopen was made within the 30-day period during which the Board's November 2006 decision could have been appealed, the instant appeal brings up for review the merits of the Board's original decision (*see Matter of Yastrzemski [Commissioner of Labor]*, 32 AD3d 1123, 1124 [2006], *lv dismissed* 8 NY3d 896 [2007]). In this regard, substantial evidence supports the Board's finding that claimant, a 31% shareholder and president of a metal tubing corporation, was not totally unemployed. "It is well settled that a corporate officer who performs activities in connection with the winding up of a corporation will not

be considered totally unemployed, even if his or her activities in this regard are minimal" (*Matter of DeAngelo [Commissioner of Labor]*, 54 AD3d 468, 468 [2008] [internal quotation marks and citations omitted]). Here, the record reflects that during the relevant time period, claimant wrote business-related checks, participated in the sale of certain assets and equipment, routinely checked the mail and assisted in cleaning out the building where the corporation was housed (*compare Matter of Salomone [Commissioner of Labor]*, 34 AD3d 1037, 1038 [2006]). The record further reveals that claimant did not report any of these activities when certifying for unemployment insurance benefits. Under such circumstances, the findings that claimant was not totally unemployed and that he made a willful misrepresentation regarding his employment status—and, thus, should be charged with a recoverable overpayment and an effective loss of days—were supported by substantial evidence (*see* Labor Law §§ 594, 597 [4]; *Matter of Blankenship [Commissioner of Labor]*, 286 AD2d 818, 819 [2001]). Therefore, we decline to disturb the Board's decision.

Mercure, J.P., Rose, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.