■ In the Matter of the Claim of BEVIN CONNELL, Appellant. COMMISSIONER OF LABOR, Respondent. [918 NYS2d 684]—

Claimant, who had been employed by Superior Jamestown Corporation, a family-owned company, filed for unemployment insurance benefits in May 2003 when that company went out of business. In her application for benefits, claimant indicated that she did not serve as the officer for any corporation. Claimant thereafter received benefits for the period between June 2003 and March 2004. In August 2007, the Department of Labor issued an initial determination holding claimant ineligible to receive benefits on the basis that she was not totally unemployed, charging her with a recoverable overpayment of $15,795 in benefits recoverable pursuant to Labor Law § 597 (4) and reducing claimant's right to receive future benefits by 324 effective days on the basis that she made willful misrepresentations to obtain benefits. Ultimately, the Unemployment Insurance Appeal Board upheld that determination, and claimant now appeals.

We affirm. Whether a claimant is totally unemployed is a question of fact for the Board to resolve and its determination will not be disturbed when supported by substantial evidence (*see Matter of Dupey [Commissioner of Labor]*, 79 AD3d 1508, 1508 [2010]; *Matter of Antoniou [Commissioner of Labor]*, 64 AD3d 853, 853 [2009]). Furthermore, a claimant who is a principal in an ongoing corporation will not be considered totally unemployed no matter how minimal the activities performed on behalf of the corporation or the fact that it may not be profitable or fully operational (*see Matter of Dupey [Commissioner of Labor]*, 79 AD3d at 1508-1509; *Matter of Bernstein [Commissioner of Labor]*, 67 AD3d 1287, 1287-1288 [2009]; *Matter of Bunting [Commissioner of Labor]*, 61 AD3d 1229, 1229-1230 [2009]).

Here, the record discloses that, during the entire period during which she received unemployment insurance benefits, claimant served as the secretary for Superior Jamestown, as well as serving as the vice-president of another family-owned company, Superior Steel Door and Trim Company, Inc., during at least part of that period. In that capacity for Superior Jamestown, it is undisputed that claimant handled creditors and lawyers in the winding up of the corporation's activities. In addition, tax documents showed that claimant had an ownership interest in both corporations during the relevant period and claimant's personal income tax returns showed that she received a loss from the corporate activity of Superior James-

town in 2003 and a gain from the activities of Superior Steel in 2004. Accordingly, substantial evidence supports the Board's determination that claimant was not totally unemployed. Furthermore, inasmuch as claimant misrepresented the fact that she served as an officer for two corporations in the period during which she received benefits, we find no basis to disturb the Board's finding that she made a willful false statement to obtain benefits and, therefore, was subject to a recoverable overpayment and forfeiture penalty (*see Matter of Hurley [Commissioner of Labor]*, 67 AD3d 1153, 1154 [2009]; *Matter of Martinez [Commissioner of Labor]*, 52 AD3d 1137, 1137-1138 [2008]).

Peters, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.