In the Matter of the Claim of SEAN G. FELDER, Appellant. COMMISSIONER OF LABOR, Respondent. [941 NYS2d 327]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 11, 2011, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant was employed as a seasonal security officer for the employer. After reopening a prior claim for unemployment insurance benefits, claimant certified to receive benefits for certain days that he had, in fact, worked. For this reason, the Unemployment Insurance Appeal Board ruled that claimant was not totally unemployed for three days during the week ending August 2, 2009, one day during the week ending August 30, 2009 and two days during the week ending September 6, 2009, and, therefore, found him ineligible to receive benefits for such time periods. The Board further ruled that claimant made willful false statements to receive benefits and imposed a recoverable overpayment as well as a forfeiture penalty. Claimant now appeals.

We affirm. Whether a claimant is totally unemployed is a factual issue for the Board to decide and its determination will be upheld if it is supported by substantial evidence (*see Matter of Dupey [Commissioner of Labor]*, 79 AD3d 1508, 1508 [2010]; *Matter of Bernstein [Commissioner of Labor]*, 67 AD3d 1287,

1287 [2009]). Here, the documentary evidence clearly established that claimant certified and received benefits for days that he had worked (*see Matter of Umpierre [Commissioner of Labor]*, 60 AD3d 1182, 1183 [2009]). While he denied certifying for benefits on some of the dates in question, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Martinez [Commissioner of Labor]*, 52 AD3d 1137, 1137 [2008]; *Matter of Kramer [Commissioner of Labor]*, 47 AD3d 1184 [2008]). Under the circumstances presented, we find no reason to disturb the Board's decision denying claimant benefits or its imposition of a recoverable overpayment and forfeiture penalty.

Mercure, A.P.J., Rose, Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.