■ In the Matter of the Claim of JOHNNY MONSERRATE, Appellant. COMMISSIONER OF LABOR, Respondent. [958 NYS2d 528]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 13, 2012, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

On October 1, 2007, claimant filed a claim for unemployment insurance benefits. In connection with this claim, a bank account was established into which his unemployment insurance benefits were deposited and claimant accessed this account through a debit card for which he selected a PIN number. From April 6, 2009 until August 23, 2009, claimant worked as a delivery driver for a food distribution company. During this time, deposits, consisting of extended unemployment insurance benefits, emergency unemployment compensation benefits and federal additional compensation benefits (see 26 USC § 3304), continued to be made into claimant's account. The Department of Labor subsequently issued two initial determinations finding claimant ineligible to receive these benefits for the period of April 6, 2009 to August 23, 2009, because he was performing services for another employer and was not totally unemployed. In addition, the Department charged him with a recoverable overpayment of $5,120 in emergency compensation benefits and $400 in federal additional compensation benefits, and imposed a forfeiture penalty of 136 days upon finding that he made willful false statements to receive benefits. Following a hearing, an Administrative Law Judge upheld the initial determinations. The Unemployment Insurance Appeal Board subsequently affirmed this decision, resulting in this appeal.

We affirm. During his testimony at the hearing, claimant stated that he worked for the food distribution company from March 2009 until October 2009 and admitted that he earned more than $405 per week. According to the Department's records, claimant certified for benefits during the relevant weeks and deposits for benefits were made into his account. Thus, substantial evidence supports the Board's conclusion that claimant received benefits while he was not totally unemployed and that he made willful misrepresentations (see Matter of Ramdhani [Commissioner of Labor], 98 AD3d 1183, 1184 [2012]; Matter of Roberts [Commissioner of Labor], 49 AD3d 1129, 1129 [2008]). While claimant testified that he did not certify for benefits during the time period in question and maintained that someone else must have accessed his account, he failed to submit persuasive proof that he was the victim of

identity theft. Under these circumstances, claimant's assertion that someone else certified for benefits from his account presented a credibility issue for the Board to resolve (*see Matter of Felder [Commissioner of Labor]*, 93 AD3d 1122, 1123 [2012]; *Matter of Masterpaul [Commissioner of Labor]*, 76 AD3d 729, 730 [2010]). In view of the foregoing, we find no reason to disturb the Board's decision finding claimant ineligible for benefits nor its imposition of recoverable overpayments and forfeiture penalties.

Mercure, J.P., Rose, Lahtinen, Spain and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.