*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: August 6, 2015        519832
_____

In the Matter of the Claim of
   RAFAEL RIVERA,
               Appellant.

                        MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
               Respondent.
_____

Calendar Date: June 8, 2015

Before: Garry, J.P., Rose, Devine and Clark, JJ.

_____

Rafael Rivera, Allentown, Pennsylvania, appellant pro se.

Eric T. Schneiderman, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

_____

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 13, 2014, which, among other things, ruled that claimant's request for a hearing was untimely.

The Department of Labor issued initial determinations, dated August 8, 2011, that found claimant ineligible to receive unemployment insurance benefits because he was not totally unemployed and charged him with recoverable overpayments and forfeiture penalties. These were mailed to claimant at a specified mailing address in "Woodhaven, NY." Claimant was apparently unaware of these determinations until early 2012, after he had filed another claim for benefits and was informed by a Department representative that he was responsible for an overpayment because he had previously received benefits while he was still working. On March 10, 2013, he requested a hearing on the matter. The Department objected to the timeliness of claimant's request for a hearing. Following extended

proceedings, an Administrative Law Judge sustained the timeliness objection and upheld the initial determinations. The Unemployment Insurance Appeal Board agreed and this appeal by claimant ensued.

We affirm. Labor Law § 620 (1) (a) provides that a claimant who is dissatisfied with an initial determination issued by the Department must request a hearing within 30 days of the date of mailing or personal delivery of the determination, unless he or she is prevented from doing so by physical or mental incapacity (see Matter of Hill [Commissioner of Labor], 113 AD3d 1015, 1015 [2014]; Matter of Yamamura [Commissioner of Labor], 111 AD3d 1047, 1048 [2013]). Here, claimant's request for a hearing was clearly untimely. Claimant does not assert statutory grounds for relief, but instead maintains that he is a victim of identity theft, and that he never received the determinations because they were mailed to an incorrect address. Even if this constituted a legitimate excuse for the failure to request a timely hearing, claimant has not put forth any proof to substantiate this claim. The record discloses that the mailing address that the Department used was based upon information that claimant himself supplied when he filed his claims for benefits, which was the same address contained on various documents maintained by claimant's employer. Although it appears that claimant resided at a number of different addresses during the time period that he applied for benefits, there is no indication that he provided the Department with a change of address notification (see Matter of Yamamura [Commissioner of Labor], 111 AD3d at 1048). Moreover, claimant's testimony that he never resided at the Woodhaven address was inconsistent with his later admission that he used this address on his 2008 W-4 form. Notably, he never put forth any proof that he was a victim of identity theft and he did not appear at the final administrative hearing. In view of the foregoing, the Board properly ruled that claimant's request for a hearing was untimely (see Matter of Randell [Commissioner of Labor], 105 AD3d 1243, 1243-1244 [2013]; Matter of Mack [Catherwood], 28 AD2d 1020, 1020-1021 [1967]).

Garry, J.P., Rose, Devine and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court