*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    November 10, 2016                    522250
_____

In the Matter of the Claim of
    WILLIAM R. PETRICK,
                        Appellant.

                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                        Respondent.
_____

Calendar Date:    September 20, 2016

Before:    McCarthy, J.P., Egan Jr., Clark, Mulvey and Aarons, JJ.

                        _____


        William R. Petrick, New York City, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City (Dawn
A. Foshee of counsel), for respondent.


                        _____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed February 27, 2015, which, among other things, ruled
that claimant was ineligible to receive unemployment insurance
benefits because he was not totally unemployed.

        Claimant lost his job in February 2009 and filed original
claims for unemployment insurance benefits effective March 2,
2009 and May 2, 2011.  Thereafter, he received regular
unemployment insurance benefits, emergency unemployment
compensation (hereinafter EUC) benefits (see Pub L 110-252, tit
IV § 4001 et seq., 122 US Stat 2323) and federal additional
compensation (hereinafter FAC) benefits (see 26 USC § 3304)
during the various time periods that he certified for benefits.
On August 16, 2012, the Department of Labor issued four initial
determinations that, among other things, found claimant
ineligible to receive benefits for certain time periods on the
basis that he was a principal of Reel One Pictures Inc. and was
not totally unemployed.  Specifically, the first determination

found claimant ineligible to receive benefits for the weeks ending March 8, 2009 through September 6, 2009, charged him with a recoverable overpayment of regular benefits in the amount of $10,530 and FAC benefits in the amount of $650, and imposed a forfeiture penalty of 212 days. The second determination found claimant ineligible to receive benefits for the weeks ending September 13, 2009 through September 12, 2010, charged him with a recoverable overpayment of EUC benefits in the amount of $21,465 and FAC benefits in the amount of $1,325, and imposed a forfeiture penalty of 208 days. The third determination found claimant ineligible to receive benefits for the weeks ending September 19, 2010 through October 31, 2010, charged him with a recoverable overpayment of regular benefits in the amount of $2,835 and FAC benefits in the amount of $175, and imposed a forfeiture penalty of 56 days. The fourth determination found claimant ineligible to receive benefits effective May 11, 2011 and until the reason for his ineligibility no longer existed, charged him with a recoverable overpayment of regular benefits in the amount of $810 and imposed a forfeiture penalty of 16 days.

On November 23, 2012, the Department issued a notice of possible debt referral to claimant seeking to collect the overpayment of benefits and giving him 30 days within which to remit payment. On November 29, 2012, claimant's accountant contested the notice and advised the Department that claimant ceased any ownership interest in Reel One as of December 31, 2008. Claimant submitted a request for a hearing on May 20, 2014.

Following claimant's failure to appear at the hearing, the Administrative Law Judge (hereinafter ALJ) issued a default decision sustaining the initial determinations. Claimant's subsequent application to reopen the default decision was granted and, at the ensuing hearing, the Commissioner of Labor raised timeliness objections to claimant's hearing request, but withdrew the objection with respect to the third determination. The ALJ sustained the timeliness objections with respect to the first, second and fourth determinations and continued these determinations in effect. The ALJ rendered a decision on the merits with respect to the third determination and concluded that claimant was ineligible to receive benefits during the time

period at issue because he was not totally unemployed, was liable for a recoverable overpayment and was subject to a forfeiture penalty. The Unemployment Insurance Appeal Board affirmed this decision and claimant now appeals.

Initially, Labor Law § 620 (1) (a) provides that a claimant has 30 days from the date of mailing or personal delivery of an initial determination to request a hearing unless he or she is prevented from doing so by physical or mental incapacity (see Matter of Rivera [Commissioner of Labor], 131 AD3d 746, 746 [2016], lv denied 26 NY3d 919 [2016]; Matter of Hill [Commissioner of Labor], 113 AD3d 1015, 1015 [2014]). Claimant's May 20, 2014 hearing request was clearly untimely as it was made almost two years after the issuance of the August 16, 2012 initial determinations. Moreover, even assuming, without deciding, that the November 29, 2012 letter from claimant's accountant amounted to a request for a hearing, it was well outside the 30-day statutory time period (see Matter of Preyer [Dische—Commissioner of Labor], 121 AD3d 1216, 1216-1217 [2014], lv dismissed 24 NY3d 1204 [2015], lv denied 25 NY3d 906 [2015]). Accordingly, absent any showing that claimant was physically or mentally incapacitated, the Board properly concluded that claimant's request for a hearing was untimely with respect to the first, second and fourth determinations.

Turning to the third determination, it found that claimant lacked total unemployment for the weeks ending September 19, 2010 through October 31, 2010 because he was a principal of Reel One and was furthering its business during this time period. We note that whether a claimant is totally unemployed is a factual issue for the Board to decide and its determination will be upheld if supported by substantial evidence (see Matter of Romero [Commissioner of Labor], 121 AD3d 1147, 148 [2014]; Matter of Connell [Commissioner of Labor], 82 AD3d 1437, 1438 [2011]). It is well settled that "[a] claimant who is a principal of an ongoing corporation will not be considered totally unemployed if he or she stands to benefit financially from its continued operation, no matter how minimal the activities performed on its behalf" (Matter of Bernstein [Commissioner of Labor], 67 AD3d 1287, 1287-1288 [2009]; see Matter of Ellison [Commissioner of Labor], 57 AD3d 1194, 1194 [2008]).

Here, there is no evidence that claimant performed any activities, however trivial, on behalf of Reel One in 2010 during the time period at issue. In addition, there is no evidence that claimant's name appeared on any bank accounts or corporate documents. Claimant testified that his wife created Reel One as a nonprofit corporation in the 1990s before they were married and that she was the sole shareholder. Although claimant and his wife, who both had extensive journalism experience, were listed as principals of Reel One on its website, claimant testified that his wife provided this information for marketing purposes only and that the website functioned as a type of advertisement. There is no evidence that the website was actively used to transact business. Although claimant acknowledged that their accountant listed him as a 50% shareholder of the corporation on certain prior tax returns, he indicated that this was an error, that amended returns were filed in 2009 and that the 2010 schedule K-1 for the corporation, admitted into evidence at the hearing, listed claimant's wife as the sole shareholder. Significantly, the joint personal income tax returns of claimant and his wife, containing their business tax deductions for the 2010 tax year, were not produced at the hearing.

In view of the foregoing, it is evident that, at least during 2010, claimant did not have an ownership interest in Reel One nor did he perform any activities on its behalf. In addition, there is nothing to indicate that claimant stood to benefit financially from Reel One's continued operation during this time period. Therefore, we conclude that substantial evidence does not support that part of the Board's decision finding that claimant was ineligible to receive benefits because he was not totally unemployed during the weeks ending September 19, 2010 through October 31, 2010 (see Matter of Salomone [Commissioner of Labor], 34 AD3d 1037, 1038 [2006]; Matter of Lewis [Commissioner of Labor], 290 AD2d 782, 783 [2002]). Likewise, substantial evidence does not support that part of the Board's decision imposing upon claimant a recoverable overpayment and forfeiture penalty as a result thereof. Thus, the decision must be modified accordingly.

McCarthy, J.P., Egan Jr., Clark, Mulvey and Aarons, JJ., concur.

ORDERED that the decision is modified, without costs, by reversing so much thereof as ruled that claimant was ineligible to receive unemployment insurance benefits for the weeks ending September 19, 2010 through October 31, 2010, charged him with a recoverable overpayment of regular benefits in the amount of $2,835 and federal additional compensation benefits in the amount of $175, and imposed a forfeiture penalty of 56 days; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court