Matter of Hirota (Commissioner of Labor) (2018 NY Slip Op 03417)





Matter of Hirota (Commissioner of Labor)


2018 NY Slip Op 03417


Decided on May 10, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2018

525753

[*1]In the Matter of the Claim of REBECCA M. HIROTA, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: April 3, 2018

Before: Garry, P.J., Egan Jr., Lynch, Devine and Clark, JJ.


Rebecca M. Hirota, New York City, appellant pro se.
Barbara D. Underwood, Acting Attorney General, New York City (Gary Leibowitz of counsel), for respondent.



MEMORANDUM AND ORDER
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed February 1, 2017, which denied claimant's application for reopening and reconsideration of a prior decision.
The Department of Labor issued two initial determinations, one on May 17, 2016 and the other on May 20, 2016, that disqualified claimant from receiving unemployment insurance benefits for certain dates, charged her with a recoverable overpayment, reduced her right to receive future benefits and imposed a penalty based upon her willful misrepresentations to obtain benefits. On July 8, 2016, claimant requested a hearing on both determinations. The Department objected on the ground that the hearing request was untimely pursuant to Labor Law § 620 (1) (a). Following a hearing, an Administrative Law Judge found claimant's hearing request untimely and continued in effect the initial determinations. The Unemployment Insurance Appeal Board
upheld this decision and, in two decisions, denied claimant's subsequent application for reopening and reconsideration. Claimant now appeals.
We affirm. Initially, the merits of the underlying Board decisions are properly before this Court given claimant's timely application for reopening and reconsideration (see Matter of Lewis [Absolute Distrib., Inc.-Commissioner of Labor], 121 AD3d 1488, 1488 [2014]; Matter of Lambrecht [Commissioner of Labor], 102 AD3d 1050, 1051 [2013]). "Labor Law § 620 (1) (a) provides that a claimant who is dissatisfied with an initial determination issued by the Department must request a hearing within 30 days of the date of mailing or personal delivery of the determination, unless he or she is prevented from doing so by physical or mental incapacity" (Matter of Rivera [Commissioner of Labor], 131 AD3d 746, 746 [2015] [citation omitted], lv [*2]denied 26 NY3d 919 [2016]; see Matter of Petrick [Commissioner of Labor], 144 AD3d 1280, 1282 [2016]).
Claimant blamed her failure to timely request a hearing on the fact that she was out of town from May 21, 2016 to May 31, 2016 and her roommates misplaced her mail. Consequentially, she did not find the decisions until approximately June 16, 2016. Even so, claimant could have still timely requested a hearing, but waited until July 8, 2016 to do so. Nor did claimant demonstrate or even contend that she suffered from a physical or mental incapacity that precluded her from making a timely request for a hearing (see Matter of Randell [Commissioner of Labor], 105 AD3d 1243, 1243-1244 [ 2013]; Matter of Martinez [Commissioner of Labor], 52 AD3d 1137, 1137 [2008]). As such, we find no basis to disturb the Board's decisions denying claimant's application to reopen (see Matter of Smith [Commissioner of Labor], 98 AD3d 792, 792-793 [2012]; Matter of Miller [Commissioner of Labor], 67 AD3d 1246, 1246 [2009]). Since claimant's hearing request was untimely, the decisions of the local office were final (see Matter of Jowers [Commissioner of Labor], 295 AD2d 734, 735 [2002], lv denied 98 NY2d 614 [2002]).
Garry, P.J., Egan Jr., Lynch, Devine and Clark, JJ., concur.
ORDERED that the decisions are affirmed, without costs.