Matter of Lewkowitz (Commissioner of Labor) (2018 NY Slip Op 06608)





Matter of Lewkowitz (Commissioner of Labor)


2018 NY Slip Op 06608


Decided on October 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 4, 2018


[*1]In the Matter of the Claim of FRANKIE LEWKOWITZ, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: August 6, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


Frankie Lewkowitz, New York City, for appellant.
Barbara D. Underwood, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 5, 2017, which, among other things, ruled that claimant's request for a hearing was untimely.
Claimant applied for and received unemployment insurance benefits after separating from his employment in September 2014. On January 20, 2015, the Department of Labor issued initial determinations finding that claimant was ineligible to receive benefits because he was not totally unemployed, had made willful misrepresentations to obtain benefits and was responsible for a recoverable overpayment, a forfeiture penalty and a civil penalty. Claimant did not request a hearing with respect to these determinations until April 2016. After a hearing, the Administrative Law Judge (hereinafter ALJ) overruled the Commissioner of Labor's timeliness objection, modified one initial determination and overruled the others. The Unemployment Insurance Appeal Board subsequently reversed the ALJ's decision and sustained the Commissioner's timeliness objection, thereby continuing in effect all of the initial determinations. Claimant appeals.
"Labor Law § 620 (1) (a) provides that a claimant who is dissatisfied with an initial determination issued by the Department must request a hearing within 30 days of the date of mailing or personal delivery of the determination, unless he or she is prevented from doing so by physical or mental incapacity" (Matter of Rivera [Commissioner of Labor], 131 AD3d 746, 746 [2015] [citations omitted], lv denied 26 NY3d 919 [2016]; see Matter of Petrick [Commissioner of Labor], 144 AD3d 1280, 1282 [2016]). Claimant did not request a hearing with respect to the initial determinations at issue until approximately 14 months after they were mailed to him, and he did not demonstrate that the delay was due to any physical or mental condition. Although claimant mistakenly believed that his hearing request on another initial determination involving a finding of misconduct, that was eventually overturned, obviated the need for him to request a separate hearing with regard to the initial determinations at issue, claimant's confusion does not excuse his failure to comply with the timeliness requirements of Labor Law § 620 (1) (a) (see Matter of Smith [Commissioner of Labor], 98 AD3d 792, 792 [2012]; Matter of Jowers [*2][Commissioner of Labor], 295 AD2d 734, 735 [2002], lv denied 98 NY2d 614 [2002]). Therefore, we find no reason to disturb the Board's decision.
McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.