Matter of Chin (Commissioner of Labor) (2022 NY Slip Op 07109)

Matter of Chin (Commissioner of Labor)

2022 NY Slip Op 07109

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

533959
[*1]In the Matter of the Claim of Leslie Chin, Appellant. Commissioner of Labor, Respondent.

Calendar Date:November 17, 2022

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Leslie Chin, Mineola, appellant pro se.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 21, 2021, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.
At all times relevant, claimant was employed full time as a public safety officer for a municipal entity. As a result of the COVID-19 pandemic, claimant was not required to report to work after March 21, 2020. Although claimant did not return to work or otherwise perform any services for the employer until September 2, 2020, she nonetheless received her regular salary and benefits during the intervening period.
In addition to her full-time employment, claimant also was employed on a part-time basis as a massage therapist. After being laid off from her part-time position in March 2020, claimant filed a claim for unemployment insurance benefits and, throughout the relevant reporting period, certified on a weekly basis that she did not work during the preceding week. Based upon claimant's certification, she received unemployment insurance benefits, as well as federal pandemic unemployment compensation, pandemic emergency unemployment compensation and lost wage assistance pursuant to the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act) (see 15 USC § 9021, as added by Pub L 116-136, 134 US Stat 281, 313; 44 CFR 206.120).
The Department of Labor held that claimant was ineligible to receive unemployment insurance benefits beginning March 23, 2020 upon the ground that she was not totally unemployed and charged her with a recoverable overpayment of the state and federal funds received. Following a hearing, an Administrative Law Judge (hereinafter ALJ) modified the initial determination — agreeing that claimant was not totally unemployed during the relevant time period and charging her with a recoverable overpayment of the federal pandemic-related benefits. Based upon claimant's particular circumstances, however, the ALJ concluded that claimant's certification with respect to her work status was not undertaken in bad faith and, therefore, found that the state unemployment insurance benefits were not recoverable. The Unemployment Insurance Appeal Board affirmed the ALJ's decision, prompting this appeal by claimant.
We affirm. "Whether a claimant is totally unemployed and thereby entitled to receive unemployment insurance benefits is a factual issue for the Board to decide and its decision will be upheld if supported by substantial evidence" (Matter of Lee [Commissioner of Labor], 190 AD3d 1170, 1172 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Bebbino [Clare Rose Inc.-Commissioner of Labor], 174 AD3d 1238, 1239 [3d Dept 2019]; Matter of Lasker [Commissioner of Labor], 155 AD3d 1236, 1237 [3d Dept 2017], lv denied 31 NY3d 907 [2018]). Claimant does not dispute that, in her capacity as a public safety officer, she received her full salary and benefits between March [*2]21, 2020 (the last day she reported to work) and September 2, 2020 (when she returned to work) — during which time she did not perform any services for the employer. As claimant remained on the employer's payroll throughout the period of time that she certified for unemployment insurance benefits, the Board properly deemed her to be ineligible for such benefits upon the ground that she was not totally unemployed (see generally Matter of Robinson [Commissioner of Labor], 125 AD3d 1038, 1039-1040 [3d Dept 2015], lv dismissed 26 NY3d 953 [2015]; Matter of Ramdhani [Commissioner of Labor], 98 AD3d 1183, 1184 [3d Dept 2012]; Matter of Felder [Commissioner of Labor], 93 AD3d 1122, 1123 [3d Dept 2012]). Similarly, inasmuch as claimant received her full salary and benefits during the period at issue, it necessarily follows that she was not eligible for federal pandemic assistance under the CARES Act and, therefore, the federal pandemic unemployment compensation, pandemic emergency unemployment compensation and lost wage assistance benefits paid to claimant were properly recoverable (see 15 USC §§ 9023 [f] [2]; 9025 [e] [2]; 44 CFR 206.120 [f] [5]; Matter of Frederick [Commissioner of Labor], 197 AD3d 1456, 1458 [3d Dept 2021]). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Lynch, Ceresia and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.