■ In the Matter of the Claim of SHEILA DEITCHMAN, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— COOKE, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 23, 1969, which determined claimant to be ineligible to receive unemployment insurance benefits effective January 6, 1969 on the ground that she could not accrue any effective days in any statutory week. Claimant, a young bookkeeper, worked full time until a point in 1966 and, in February of 1967, had a child. She resumed employment about a year thereafter, working no more than three days a week because of various problems related to her son and losing her job because the employer needed full time assistance. Unemployment insurance benefits shall be paid "for each accumulation of effective

.days within a week" (Labor Law, § 590, subd. 3), an "effective day" being defined as "a full day of total unemployment provided such day falls within a week in which a claimant had four or more days of total unemployment and provided further that only those days of total unemployment in excess of three days within such week are deemed 'effective days'" (Labor Law, § 523). Subdivision 2 of section 591 of the Labor Law provides that no benefits are payable to any claimant "who is not ready, willing and able to work". The board's determination of ineligibility and its construction and application of the term "effective days" should be upheld by the court, since they have a "warrant in the record" and a "reasonable basis in law" (cf. *Matter of Marsh* [*Catherwood*], 13 N Y 2d 235, 239). Decision affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.