■ In the Matter of the Claim of TERRY J. ROHNKE, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [596 NYS2d 494] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 30, 1991, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant had been working for the employer for 24 years in various positions when he was discharged for his involvement in the planning and/or implementation of the electronic surveillance of models who were appearing on a morning television talk show that claimant directed. A technical director for the show testified that it was claimant's idea to place the camera backstage where the models were changing their clothes. The director of staff relations, David Heiser, testified that, when confronted, claimant initially denied knowing

anything about the incidents. Heiser testified that claimant ultimately told him that he may have jokingly stated that it would be fun to use a camera to videotape the models while they were undressing. At the hearing claimant denied admitting anything to Heiser in this regard. The associate producer of the show testified that, immediately after viewing the monitor in the control room showing the models in the dressing area, he mentioned something to claimant, who stated that he would take care of it. Claimant maintained at the hearing, however, that at the time he had no knowledge that the surveillance was taking place. To the extent that the testimony in the record is conflicting, a credibility question was presented for the Unemployment Insurance Appeal Board to resolve (see, Matter of Di Maria v Ross, 52 NY2d 771, 772; Matter of Padilla [Sephardic Home for Aged—Roberts], 113 AD2d 997). Claimant's conduct was detrimental to his employer's interest and constituted a willful disregard of the standards of behavior that his employer had a right to expect. Under the circumstances, substantial evidence exists to support the Board's determination that claimant lost his employment due to misconduct thus disqualifying him from receiving unemployment insurance benefits (see, Matter of Punter [Ross], 43 NY2d 743; Matter of Bernet [Hartnett], 165 AD2d 957, 958; see also, Matter of Markowitz [Roberts], 94 AD2d 155). Finally, we do not find that claimant was deprived of any due process rights by the manner in which the administrative hearing was conducted.

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.