In the Matter of the Claim of Guy A. Grimard, Appellant. John E. Sweeney, as Commissioner of Labor, Respondent. [644 NYS2d 362]

Claimant received unemployment insurance benefits after filing an original claim on May 6, 1991. Thereafter, he performed activities on behalf of a business venture but failed to report these activities to the local unemployment insurance office. Claimant ceased involvement in the business in June 1992. Following a hearing, the Board found that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed, charged him with a recoverable overpayment of benefits and reduced his right to receive future benefits for willfully making a false statement.

Claimant asserts that because he was not on the payroll and did not receive any income from the business, the Board's decision is not supported by substantial evidence. We find this argument to be without merit. Evidence was adduced at the hearing that a certificate of doing business was filed on November 10, 1990 listing claimant as one of the principals. Additionally, claimant's business associate testified that subsequent to May 1991, claimant regularly performed the refrigeration and electrical work needed to get the plant in question operating. Although claimant denied that he performed such activities after that date, this conflict in testimony merely presented an issue of credibility for the Board to resolve (see generally, Matter of Rohnke [Hudacs], 192 AD2d 812). Notwithstanding claimant's failure to receive compensation for his ser-

vices, we find that substantial evidence supports the Board's conclusion that claimant was not totally unemployed (*see, e.g., Matter of Witham [Roberts]*, 134 AD2d 752). We further find, given claimant's admission that he failed to report his activities to the local unemployment office, that substantial evidence supports the Board's conclusion that claimant willfully made a false statement. Accordingly, the Board's decision must be affirmed.

Cardona, P. J., Mercure, Crew III, Casey and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.