■ In the Matter of the Claim of PETER H. HOTALING, JR., Appellant. COMMISSIONER OF LABOR, Respondent. [674 NYS2d 801] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 18, 1997, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

One month prior to losing his job under nondisqualifying conditions, claimant and two friends started a concrete business. According to claimant, he withdrew from this business prior to applying for unemployment insurance benefits. The Unemployment Insurance Appeal Board ruled, *inter alia*, that claimant was ineligible to receive benefits because he was not totally unemployed and charged him with a recoverable overpayment. We affirm.

The record reveals that during the period claimant was receiving benefits, he ordered supplies and picked up windows for a project being done by the concrete business. Furthermore, although his signature did not appear on the document, claimant's name, along with those of his two associates, was included on an independent contractor agreement. He was also notified when one of the associates ceased being affiliated with the business. Moreover, although requested to do so, claimant failed to produce any documentation evidencing his withdrawal from the business. Whether claimant was completely disassociated from the concrete business presented a credibility issue for the Board to resolve (*see, Matter of Rance [Hudacs]*, 196 AD2d 930). We conclude that the Board's assessment of claimant's credibility and the inferences drawn from the evidence presented are supported by substantial evidence (*see, Matter of Di Maria v Ross*, 52 NY2d 771, 772; *Matter of Falco [Sweeney]*, 246 AD2d 711) and that claimant was properly as-

sessed with a recoverable overpayment. Claimant's remaining contentions have been reviewed and found to be without merit.

Mercure, J. P., Yesawich Jr., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.