■ In the Matter of the Claim of DONALD BOUDREAU, Appellant. COMMISSIONER OF LABOR, Respondent. [677 NYS2d 407] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 9, 1998, which, upon reconsideration, adhered to its prior decisions ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as captain of an oil barge. As a result of claimant's failure to follow the employer's established procedure to check that all valves and pumps were shut off, a shipment of fuel oil became contaminated with gasoline, requiring the employer to refine the fuel oil at a cost of $71,000. The Unemployment Insurance Appeal Board ruled that claimant lost his employment under disqualifying circumstances. We affirm. Conduct which is adverse to the employer's best interest or contrary to established procedures has been held to constitute misconduct (*see, Matter of Rothman [Sweeney]*, 242 AD2d 818). We conclude that claimant's testimony provides substantial evidence to support the Board's decision.

We reject claimant's contention that the Administrative Law Judge (hereinafter the ALJ) improperly assumed the role of a "prosecutor" by questioning claimant during the hearing and denied him a fair and impartial hearing. The ALJ was charged to "conduct the hearing in such order and manner and with such methods of proof and interrogation as the judge deems best suited to ascertain the substantial rights of the parties" (12 NYCRR 461.4 [a]; *see, Matter of O'Connor [Howell—Hartnett]*, 165 AD2d 946, 948). In our view, the ALJ did not exceed his authority in the manner in which he questioned claimant nor is there any evidence of hostility or bias. Nor do we find that the employer's failure to appear at the hearing denied claimant his right to due process, especially given that claimant failed to request that the employer be subpoenaed (*see*, 12 NYCRR 461.4 [c]; *Matter of O'Connor [Howell—Hartnett], supra*). Claimant's remaining contentions have been reviewed and found to be without merit.

Mikoll, J. P., Crew III, White, Yesawich Jr. and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.