■ In the Matter of the Claim of ROBERT M. BENTON, Appellant. COMMISSIONER OF LABOR, Respondent. [713 NYS2d 105] —Graffeo, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 17, 1999, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant was found to be ineligible to receive unemployment benefits by the Unemployment Insurance Appeal Board and was charged with an overpayment of benefits on the basis that he failed to disclose his engagement in an income-producing business or activity and his performance of work for a family business. Claimant's wife, a beautician, apparently could not operate a business in her own name because she had filed for bankruptcy in 1994. Consequently, she formed a corporation, Golden Hands, Inc., naming claimant and her mother as the corporate officers and shareholders. Bank rec-

ords showed claimant as the sole signatory on the corporate account and his name appeared on the original lease for the salon. Claimant was also listed as president of the corporation on its tax returns.

The Board found claimant, a construction worker, ineligible to receive unemployment insurance benefits during the applicable claim period because he was not totally unemployed and determined that he willfully made false statements to obtain benefits. We affirm. At the hearing, evidence revealed that claimant had actively participated in certain activities of the closely held corporation in that he assisted his wife in locating and moving into the leased premises and had signed checks on behalf of the corporation. Claimant also testified he was aware that his wife and daughter had signed his name to various checks and documents relating to the business. We find substantial evidence supports the Board's assessment of claimant's credibility and the inferences drawn from the record evidence (*see, Matter of Singh [Commissioner of Labor]*, 273 AD2d 765; *Matter of Martz [Commissioner of Labor]*, 273 AD2d 578), as well as the Board's finding of willful misrepresentation (*see, Matter of Preiser [Sweeney]*, 246 AD2d 743).

Cardona, P. J., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.