■ In the Matter of the Claim of BRADLEY M. SZAL, Appellant. COMMISSIONER OF LABOR, Respondent. [839 NYS2d 260]—

---

Kane, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 20, 2006, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

In 1991, claimant started a trucking and paving company. In 1995, he entered into an arrangement to remove snow from his dentist's office. Claimant began working for other employers in 1999, filed claims for unemployment insurance benefits in November 2000, December 2001, December 2002, December 2003 and December 2004, and received benefits totaling $27,782.50. Following extended proceedings, the Unemployment Insurance Appeal Board ruled that claimant was ineligible to receive benefits on certain dates covered by the benefit periods, specifically those on which snow removal services were rendered and the dental office was billed, because claimant was not totally unemployed during such time periods. The Board directed that claimant be charged with a recoverable overpayment pursuant to Labor Law § 597 (4) for the time periods at issue and that his right to receive future benefits be reduced on the basis that he made willful misrepresentations. Claimant appeals.

We find no reason to disturb the Board's conclusion that claimant was not totally unemployed during the majority of the dates at issue. Although claimant evidently ceased actively operating the trucking and paving company in 1999, he used company invoices to bill his dentist for snow removal services rendered between 2000 and 2005. The invoices that claimant created, containing his name and business information, detailed the date and conditions each time snow removal services were provided and appeared to be written by the person who provided the services. Notably, the dentist's written statement indicated that he contracted with claimant's company to provide snow removal services. While arguing that his disabled brother performed the services, claimant did not offer a logical explanation for his failure to deposit the dental office payments directly into his brother's account, and indicated that he commingled the payments with his own money. Furthermore, after he purportedly ceased operations, claimant continued using the business checking account and did not formally dissolve the company until April 2005. Based on this testimony and documentary proof, the Board's assessment of claimant's cred-

ibility and the inferences to be drawn therefrom are supported by substantial evidence (*see e.g. Matter of Benton [Commissioner of Labor]*, 275 AD2d 831, 832 [2000]; *Matter of Hotaling [Commissioner of Labor]*, 251 AD2d 879, 879 [1998]). Under the circumstances, we decline to disturb the Board's finding that claimant was not totally unemployed during the time periods at issue (*see Matter of Grimard [Sweeney]*, 228 AD2d 852 [1996], *lv dismissed* 89 NY2d 861 [1996]; *compare Matter of Haseltine [Commissioner of Labor]*, 30 AD3d 938 [2006]), with the exception of February 2, 2003. Curiously, there is no proof in the record to establish that claimant performed any services on that particular date. The Board's decision must be modified accordingly.

Likewise, with the exception of February 2, 2003, we find no reason to disturb that portion of the Board's decision charging claimant with a recoverable overpayment and imposing a forfeiture penalty covering the periods that he was not totally unemployed. Claimant received an informational booklet advising him of the need to report any activities likely to bring in income and concededly failed to disclose anything he did relating to the snow removal services. This, together with proof suggesting that he intentionally misrepresented the nature of his involvement in the services provided to his dentist, provide substantial evidence supporting the finding that claimant made a willful misrepresentation to obtain benefits (*see Matter of Kansu [Commissioner of Labor]*, 36 AD3d 1185, 1187 [2007]; *Matter of Barbera [Commissioner of Labor]*, 28 AD3d 973, 974 [2006]).

Crew III, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as ruled that claimant was not totally unemployed on February 2, 2003; matter remitted to the Unemployment Insurance Appeal Board for a redetermination of the recoverable overpayment and forfeiture penalty; and, as so modified, affirmed.