■ In the Matter of the Claim of ELIZABETH C. LoRE, Appellant. SUFFOLK COUNTY COMMUNITY COLLEGE, Respondent; COMMISSIONER OF LABOR, Respondent. [862 NYS2d 416]—

Kane, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 20, 2007, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she had not accumulated the required effective days.

Claimant was employed as an adjunct instructor at Suffolk County Community College for the fall 2006 semester, where she was required to teach a class on Mondays and Fridays. The employer agreed to pay claimant a flat fee of $7,632 for the semester, to be paid by seven biweekly checks of $1,090.28 each, beginning in October 2006. During three weeks of the semester, claimant only taught classes on one day due to the school being closed either on a Monday or Friday in observance of various holidays. Claimant applied for unemployment insurance benefits for those three weeks, certifying that she earned less than the maximum weekly benefit rate of $405 during that time, and she subsequently received a total of $659.25 in benefits.

The Department of Labor initially determined that claimant was ineligible to receive benefits due to not accumulating the required effective days in the weeks which included the holidays, charged claimant with an overpayment of $659.25 in benefits and reduced claimant's right to receive future benefits by 24 effective days, based on a finding that claimant made willful misrepresentations to obtain benefits. Following a hearing, the Administrative Law Judge sustained the initial determination. The Unemployment Insurance Appeal Board affirmed and claimant now appeals.

A finding by the Board that an applicant is ineligible for unemployment insurance benefits for not accumulating the required effective days should be sustained if it is supported by substantial evidence and has a reasonable basis in the law (see

*Matter of Deitchman [Catherwood]*, 34 AD2d 718, 719 [1970]). Pursuant to Labor Law § 590 (3), unemployment insurance benefits "shall be paid for each accumulation of effective days within a week." Effective days, however, do not occur in any week where the claimant "has days of employment for which he [or she] is paid compensation exceeding the highest benefit rate which is applicable to any claimant in such week" (Labor Law § 523). Here, the record reflects that claimant was paid a flat fee of $7,632 for her services for the entire 15-week semester, which included the scheduled holidays, or $508.80 per week. Insofar as claimant was compensated for the three weeks where she only taught on one day at a higher rate than the maximum weekly benefit rate of $405, we find that the Board's determination that she did not accumulate effective days for those weeks was supported by substantial evidence and has a reasonable basis in law.

Similarly, we find no reason to disturb the Board's factual finding that claimant made a willful misrepresentation to obtain benefits. Claimant received the unemployment insurance benefits handbook and was aware that she was not eligible to receive benefits in any week where she earned more than $405. Although claimant contends that she intentionally answered "no" to the question in the application as to whether she had earned more than $405 in the weeks in question based on the advice of a representative of the Department of Labor 15 years prior, the Board could reasonably find that this does not explain her answer when she was aware that she was being paid for the entire semester, including the weeks containing holidays, at a weekly rate of $508.80 (*see Matter of Vasta [Commissioner of Labor]*, 268 AD2d 653, 653 [2000]). Under these circumstances, we find there is substantial evidence in the record to support the Board's determination that claimant made a willful misrepresentation (*see* Labor Law § 597 [4]; *Matter of Szal [Commissioner of Labor]*, 41 AD3d 1002, 1004 [2007]; *Matter of Barbera [Commissioner of Labor]*, 28 AD3d 973, 975 [2006]).

Cardona, P.J., Mercure, Lahtinen and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.