■ In the Matter of the Claim of JONATHON ROBINSON, Appellant. COMMISSIONER OF LABOR, Respondent. [906 NYS2d 390]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 10, 2009, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because he earned over the statutory limitation.

Claimant was employed as a lecturer at Cornell University for the summer 2006 and summer 2007 sessions, teaching a class two days per week. For his services, claimant received a flat fee of $9,360 for the summer 2006 session, representing an average weekly wage of $1,560, and a flat fee of $9,780 for the summer 2007 session, representing an average weekly wage of $1,630.

Claimant was paid on a semimonthly basis. He applied for unemployment benefits for those weeks in which he did not receive a paycheck, certifying that he had earned less than the maximum weekly benefit rate of $405. Claimant received $694.75 in benefits for his 2006 claims and $810 in benefits for his 2007 claims. In June 2008, the Department of Labor issued initial determinations finding claimant ineligible to receive benefits on the basis that he earned over the statutory limitation for those weeks and charging him with a recoverable total overpayment of $1,504.75. In addition, the Department reduced claimant's right to receive future benefits by 64 effective days on the basis that claimant made willful false statements to obtain benefits. Ultimately, those determinations were upheld by the Unemployment Insurance Appeal Board, and claimant now appeals.

The Board's finding that an applicant is ineligible to receive unemployment insurance benefits will be upheld if it is supported by substantial evidence and has a reasonable basis in the law (*see Matter of LoRe [Suffolk County Community Coll.— Commissioner of Labor]*, 54 AD3d 455, 455 [2008]). A claimant is eligible to be paid for an accumulation of "effective days" of unemployment, provided that no effective days may be accumulated in any week in which a claimant is paid compensation exceeding the highest benefit rate applicable (*see* Labor Law §§ 523, 590 [3]; *Matter of LoRe [Suffolk County Community Coll.—Commissioner of Labor]*, 54 AD3d at 456). Here, the record reflects, and claimant admits, that he received an average weekly wage far above the maximum weekly benefit rate of $405 and, therefore, the determination by the Board that he did not accumulate effective days for those weeks is supported by substantial evidence and has a reasonable basis in law.

Additionally, we find that the Board's factual determination that claimant made willful misrepresentations to obtain benefits is supported by substantial evidence (*see Matter of Sferlazza [Nassau Community Coll.—Commissioner of Labor]*, 69 AD3d 1184, 1185 [2010]; *Matter of LoRe [Suffolk County Community Coll.—Commissioner of Labor]*, 54 AD3d at 456). Claimant admitted to having received and read the unemployment insurance benefits handbook. Thus, the Board could reasonably find that, regardless of his communications with representatives of the Department of Labor, the language about ineligibility was clear and unambiguous.

Mercure, J.P., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.