### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  March 19, 2015          519295
_____

In the Matter of the Claim of
    STUART DEUTSCH,
                    Appellant.

                                        MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  January 20, 2015

Before:  Peters, P.J., Garry, Egan Jr. and Devine, JJ.

_____

Stuart Deutsch, Spring Hill, Florida, appellant pro se.

Eric T. Schneiderman, Attorney General, New York City (Dawn A. Foshee of counsel), for respondent.

_____

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 11, 2013, which, among other things, charged claimant with a recoverable overpayment of unemployment insurance benefits upon finding that he made a willful misrepresentation to obtain benefits.

Claimant filed an application for unemployment insurance benefits effective July 13, 2009 and began receiving benefits thereafter.  During the benefit week ending September 12, 2010, claimant worked four days, but the records of the Department of Labor revealed that he represented that he did not work any days during this week when certifying for benefits online.  He received benefits totaling $301 for the week in question.

The Department subsequently issued initial determinations finding that claimant was ineligible to receive benefits during this week because he was not totally unemployed and charged him

with a recoverable overpayment, as well as a forfeiture penalty upon finding that he made a willful misrepresentation to obtain benefits.  Claimant challenged only that part of the determinations finding that he made a willful misrepresentation and he requested a hearing.  Due to claimant's failure to appear at this hearing or a second hearing, and his failure to proceed at a third hearing, default decisions sustaining the initial determinations were issued by an Administrative Law Judge (hereinafter ALJ).  Claimant appealed the third default decision to the Unemployment Insurance Appeal Board, which dismissed the appeal and referred the matter to the hearing section to treat it as an application to reopen the third default decision.  Following additional hearings, an ALJ granted the application to reopen and sustained the initial determinations, including the finding that claimant made a willful misrepresentation.  This decision was subsequently upheld by the Unemployment Insurance Appeal Board and claimant now appeals.

We affirm.  "It is well settled that the question of whether a claimant ha[s] made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and will be upheld if supported by substantial evidence" (Matter of Masterpaul [Commissioner of Labor], 76 AD3d 729, 729 [2010] [citations omitted]; see Matter of Smith [Commissioner of Labor], 107 AD3d 1287, 1288 [2013]).  A willful misrepresentation is a false statement that is made knowingly, intentionally or deliberately and does not require proof of criminal intent to defraud (see Matter of Barbera [Commissioner of Labor], 28 AD3d 973, 974-975 [2006]).  A false statement made unintentionally or as a result of confusion may suffice (see Matter of Smith [Commissioner of Labor], 107 AD3d at 1288).  Furthermore, "there is no valid defense to making a false statement" (Matter of Bernard [Commissioner of Labor], 53 AD3d 1006, 1006 [2008]).

Here, claimant admittedly worked during the week ending September 12, 2010, but certified that he did not work according to the records maintained by the Department.  Although he maintained that this discrepancy was due to a problem with the Department's computer operating system, he did not provide any evidence to substantiate this claim, and his testimony in this regard presented a credibility issue for the Board to resolve

(see Matter of Masterpaul [Commissioner of Labor], 76 AD3d at 730). Accordingly, substantial evidence supports the Board's finding that claimant made a willful misrepresentation, as that term is defined in this legal context, and we therefore decline to disturb its decision (see Matter of Nebel [Commissioner of Labor], 108 AD3d 1007, 1008 [2013]; Matter of Felder [Commissioner of Labor], 93 AD3d 1122, 1123 [2012]).

Peters, P.J., Garry, Egan Jr. and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court