*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 21, 2016             521614
_____

In the Matter of the Claim of
    CLAUDIA M. KACHMARIK,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  February 23, 2016

Before:  Lahtinen, J.P., Garry, Lynch and Clark, JJ.

_____

        Pope, Schrader & Pope, LLP, Binghamton (Kurt Schrader of
counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City (Gary
Leibowitz of counsel), for respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed November 28, 2014, which, among other things,
charged claimant with a recoverable overpayment of unemployment
insurance benefits.

        Claimant received unemployment insurance benefits for the
time period of October 5, 2009 to October 30, 2011.  She was also
awarded emergency unemployment compensation benefits and federal
additional compensation benefits (see 26 USC § 3304).  The
Department of Labor issued initial determinations that found
claimant ineligible to receive benefits because she was not
totally unemployed during that time period and charged her with a
recoverable overpayment of the different benefits that she
received and also imposed a forfeiture penalty for making willful
misrepresentations pursuant to Labor Law § 594.  Following a
hearing, an Administrative Law Judge found that claimant was not

totally unemployed during the period in question and that she had made willful misrepresentations to obtain benefits, but modified the initial determinations by reducing the amount of time that claimant was ineligible to receive benefits and referred the matter of the amounts of overpayments and the penalties to the Department for recalculation. The Unemployment Insurance Appeal Board affirmed the Administrative Law Judge's decision and claimant now appeals.

We affirm. Claimant's sole contention on appeal is that she did not make willful false statements to obtain benefits and, therefore, she should not be charged with recoverable overpayments and forfeiture penalties. "It is well settled that the question of whether a claimant ha[s] made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and will be upheld if supported by substantial evidence" (Matter of Masterpaul [Commissioner of Labor], 76 AD3d 729, 729 [2010] [citations omitted]; accord Matter of Deutsch [Commissioner of Labor], 126 AD3d 1209, 1210 [2015]). Further, "a claimant may be found to have made a willful misrepresentation to obtain benefits even if the false statement was made unintentionally or was the result of confusion" (Matter of Smith [Commissioner of Labor], 107 AD3d 1287, 1288 [2013]; see Matter of Gazzara [Commissioner of Labor], 60 AD3d 1226, 1227 [2009]).

Here, during the time in question, claimant worked as the choir director and organ player for a church. Choir practice was generally held on Wednesdays and claimant played the organ during Sunday services. During the months of July and August, however, there was no choir practice and claimant only occasionally played the organ on Sundays. Claimant was paid $450 a month during September through June, and was paid between $100 and $135 for each day she played the organ during July and August. In certifying for benefits, claimant admittedly only reported that she worked on Sundays and did not report the days that she conducted choir practice. While claimant testified that she was not paid for choir practice and only reported work for which she was paid, her failure to report such work was contrary to the directive regarding part-time work reporting requirements in the unemployment insurance handbook that she had received. Pursuant to the handbook, all work is to be reported and one is considered

employed on any day when he or she performs any services, even when it is for an hour or less and "it makes no difference whether this work is in covered employment or whether [he or she] gets paid for the day." Although claimant testified that she was given misinformation by Department representatives regarding having to report the days when there was choir practice, contrary testimony was presented at the hearing, creating a credibility issue for the Board's resolution (see Matter of McCann [Commissioner of Labor], 117 AD3d 1259, 1261 [2014]; Matter of Yamamura [Commissioner of Labor], 111 AD3d 1049, 1050 [2013]). Based upon the foregoing, substantial evidence supports the Board's determination that claimant made willful misrepresentations to obtain benefits (see Matter of Smith [Commissioner of Labor], 107 AD3d at 1288; Matter of Gullotti [Commissioner of Labor], 107 AD3d 1220, 1221 [2013]).

Lahtinen, J.P., Garry, Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court