## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  October 6, 2016                    522336
_____

In the Matter of the Claim of
    SEAN P. McCANN,
                        Appellant.
                                          MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                        Respondent.
_____

Calendar Date:   September 14, 2016

Before:  McCarthy, J.P., Lynch, Rose, Devine and Mulvey, JJ.

_____

        Derek M. English, Hiscock Legal Aid Society, Syracuse, for
appellant.

        Eric T. Schneiderman, Attorney General, New York City (Gary
Leibowitz of counsel), for respondent.

_____

McCarthy, J.P.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed March 10, 2015, which, among other things,
reduced claimant's right to receive future unemployment insurance
benefits upon a finding that he made willful misrepresentations
to obtain benefits.

        In August 2013, claimant filed a claim for unemployment
insurance benefits, which he began to receive.  Following his
subsequent arrest for burglary and petit larceny, claimant was
incarcerated from October 3, 2013 to October 7, 2013 and from
October 9, 2013 to November 21, 2013.  While claimant was in
jail, five separate certifications for unemployment insurance
benefits were made on his behalf by telephone and the Internet,
and $1,113.75 in benefits were deposited to claimant's account.

Thereafter, the Department of Labor issued revised determinations finding claimant ineligible to receive unemployment insurance benefits during the time that he was incarcerated because he was not available to work and because he failed to personally certify for his benefits.  Finding that claimant had made a willful misrepresentation to obtain benefits, the Department charged claimant with a recoverable overpayment of $1,113.75, imposed a civil penalty and reduced claimant's right to receive future benefits by a total of 352 effective days for allowing someone else to certify for benefits on his behalf on five separate occasions.  Ultimately, the Unemployment Insurance Appeal Board sustained the Department's determinations in toto.  Claimant now appeals.

Initially, we note that "'the question of whether a claimant ha[s] made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and will be upheld if supported by substantial evidence'" (Matter of Deutsch [Commissioner of Labor], 126 AD3d 1209, 1210 [2015], quoting Matter of Masterpaul [Commissioner of Labor], 76 AD3d 729, 729 [2010] [citations omitted]).  A "willful misrepresentation is a false statement that is made knowingly, intentionally or deliberately and does not require proof of criminal intent to defraud" (Matter of Deutsch [Commissioner of Labor], 126 AD3d at 1210; see Matter of Barbera [Commissioner of Labor], 28 AD3d 973, 974-975 [2006]).  A false statement made unintentionally or as a result of confusion may suffice (see Matter of Kachmarik [Commissioner of Labor], 138 AD3d at 1333; Matter of Smith [Commissioner of Labor], 107 AD3d 1287, 1288 [2013]).  "Furthermore, 'there is no valid defense to making a false statement'" (Matter of Deutsch [Commissioner of Labor], 126 AD3d at 1210, quoting Matter of Bernard [Commissioner of Labor], 53 AD3d 1006, 1006 [2008]).

The record evidence establishes that, upon his incarceration, claimant's paramour received his personal effects, including his wallet and cell phone.  At the hearing, claimant testified that, after being released from jail on November 21, 2013, he learned at that time that his paramour, without his knowledge or consent, had certified for unemployment insurance benefits on October 6, 14, 20, 27 and November 11, 2013 by

accessing the Internet through his cell phone that stored his username and password.  At a subsequent hearing, when claimant was informed that his paramour had also used the telephone to certify for benefits, claimant then explained for the first time that he must have written down his username and password and placed that information in his wallet that his paramour had in her possession.  To the extent that claimant provided inconsistent testimony at the latter hearing, this created a credibility issue for the Board to resolve (see Matter of Kachmarik [Commissioner of Labor], 138 AD3d 1332, 1334 [2016]; Matter of McCann [Commissioner of Labor], 117 AD3d 1259, 1261 [2014]), and the Board was entitled to reject claimant's exculpatory claim that he did not authorize his paramour to certify for benefits on his behalf.  Moreover, the Board properly concluded that each of the five false certifications was a separate offense because each certification representing that claimant was available to work was a separate false statement made to obtain additional benefits for a different time period (see Labor Law § 594 [1]; 12 NYCRR 473.2 [a]; Matter of Shuman [Commissioner of Labor], 135 AD3d 1284, 1284-1285 [2016]; Matter of Kossarska-Goetz [Commissioner of Labor], 111 AD3d 1240, 1241 [2013]; Department of Labor, Unemployment Insurance Division, Adjudication Service Office, Standards for the Imposition of Wilful Misrepresentation Penalties, Special Bulletin A-710-21 [Revised] [Feb. 17, 1982], https://www.labor.ny.gov/ui/aso/a710.htm#71021).  Accordingly, we see no reason to disturb the Board's finding that claimant made willful misrepresentations to obtain benefits (compare Matter of Hart [Commissioner of Labor], 125 AD3d 1021, 1022 [2015]).

Finally, contrary to claimant's contention that the Board's reduction of claimant's right to receive future benefits was excessive or improper, we find that, inasmuch as the Board was entitled to impose a forfeiture penalty of no more than 80 days for "each such offense" or false statement, the cumulative reduction of the right to future benefits for the five false certifications was within that statutory range and will not be disturbed (see Labor Law § 594 [1]; see also Department of Labor, Unemployment Insurance Division, Adjudication Service Office, Standards for the Imposition of Wilful Misrepresentation Penalties, Special Bulletin A-710-21 [Revised], at I [C]; IV

[Feb. 17, 1982], https://www.labor.ny.gov/ui/aso/a710.htm#71021).

Lynch, Rose, Devine and Mulvey, JJ., concur.


ORDERED that the decisions are affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court