## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  February 2, 2017        523170
_____

In the Matter of the Claim of
    SCOTT L. GUIBORD,
                Appellant.

                            MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                Respondent.
_____


Calendar Date:  November 29, 2016

Before:  Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ.

_____


     Scott L. Guibord, Basking Ridge, New Jersey, appellant
pro se.

     Eric T. Schneiderman, Attorney General, New York City (Gary
Liebowitz of counsel), for respondent.


_____


     Appeal from a decision of the Unemployment Insurance Appeal
Board, filed August 21, 2015, which, among other things, charged
claimant with a recoverable overpayment of unemployment insurance
benefits.

     Claimant applied for and received unemployment insurance
benefits between January 14, 2015 and February 6, 2015 and,
during this time, performed part-time work for a local
municipality.  He received an unemployment insurance handbook
explaining his obligation to report any work performed, but
failed to disclose his part-time work to the Department of Labor
when certifying for benefits.  As a result, the Department issued
an initial determination finding claimant ineligible to receive
benefits during the relevant time period due to a lack of total
unemployment and, upon finding that claimant made false
statements to obtain benefits, charged him with a recoverable

overpayment of $630 (see Labor Law § 597 [4]), reduced his right to receive future benefits by 24 days and imposed a civil penalty of $100 (see Labor Law § 594).  Following a hearing, an Administrative Law Judge upheld the finding of ineligibility, but ruled that the overpayment was not recoverable and overturned the forfeiture and civil penalties.  On appeal, the Unemployment Insurance Appeal Board reversed the Administrative Law Judge's findings with respect to the recoverable overpayment, as well as the forfeiture and civil penalties, and sustained the initial determination.  Claimant now appeals.

Claimant's sole challenge is to the Board's finding that he made willful misrepresentations to obtain benefits and its imposition of a recoverable overpayment, and forfeiture and civil penalties, as a result thereof.  "It is well settled that the question of whether a claimant ha[s] made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and will be upheld if supported by substantial evidence" (Matter of Masterpaul [Commissioner of Labor], 76 AD3d 729, 729 [2010] [citations omitted]; see Matter of Kachmarik [Commissioner of Labor], 138 AD3d 1332, 1333 [2016]). Significantly, "[a] willful misrepresentation is a false statement that is made knowingly, intentionally or deliberately and does not require proof of criminal intent to defraud" (Matter of Deutsch [Commissioner of Labor], 126 AD3d 1209, 1210 [2015]; see Matter of Brown [Commissioner of Labor], 115 AD3d 1108, 1109 [2014]).  Indeed, "a claimant may be found to have made a willful misrepresentation to obtain benefits even if the false statement was made unintentionally or was the result of confusion" (Matter of Smith [Commissioner of Labor], 107 AD3d 1287, 1288 [2013]; see Matter of Deutsch [Commissioner of Labor], 126 AD3d at 1210).

Here, claimant admitted that he did not report the work that he performed for the municipality, but maintained that this was a mistake attributable to his failure to recall that the definition of "work" set forth in the handbook included any work performed, even if minimal.  Claimant's lack of intent to make a false statement is not an excuse for making a factually false statement when certifying for benefits (see Matter of Mondragon [Commissioner of Labor], 85 AD3d 1477, 1478 [2011]). Accordingly, this does not provide cause to disturb the Board's

finding that claimant made a willful misrepresentation to obtain benefits, nor the resulting imposition of a recoverable overpayment and forfeiture penalty (see Matter of Crist [Commissioner of Labor], 113 AD3d 1016, 1018 [2014]), as well as a civil penalty under Labor Law § 594.

Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court