*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 2, 2017                    523380
_____

In the Matter of the Claim of
    STEPHEN M. DENES,
                    Appellant.
                                            MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  November 29, 2016

Before:  Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ.

_____

        Stephen M. Denes, Sugar Loaf, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

_____

        Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed September 25, 2015, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed, and (2) from a decision of said Board, filed January 15, 2016, which denied claimant's application for reopening and reconsideration.

        Claimant was appointed to a seven-year term as a member of the Town of Chester Planning Board on March 1, 2011 and, in that capacity, attended eight bimonthly meetings between October 17, 2012 and May 1, 2013.  His duties included reviewing matters pending before the Planning Board, which required meeting with and questioning developers, engineers and homeowners at meetings. Claimant submitted a job application and employment eligibility verification and tax withholding forms, and the Town paid him an annual salary of $3,253 at the end of 2012 and $3,350.99 at the end of 2013 and issued W-2 tax forms.  Claimant applied for

unemployment insurance benefits on October 12, 2012 and thereafter certified eight times, until May 5, 2013, that he did not work during the relevant period although he had attended Planning Board meetings as a member. The Department of Labor issued an initial determination that found claimant ineligible to receive unemployment insurance benefits, effective October 12, 2012 until May 5, 2013, because he was not totally unemployed on the dates when he participated in Planning Board meetings. That determination charged claimant with overpayments of $810 in benefits and reduced his right to receive future benefits by 60 days, and imposed a penalty of $121.50 based upon his willful representations to obtain benefits. Following a hearing, an Administrative Law Judge sustained the initial determination and the Unemployment Insurance Appeal Board (hereinafter the Board) affirmed, finding that claimant was not totally unemployed on the dates he performed services at Planning Board meetings. The Board thereafter denied claimant's request for reopening and reconsideration, and he now appeals from both decisions.

We affirm. Eligibility for unemployment insurance benefits is limited to claimants who are "totally unemployed" (Labor Law § 591 [1]), defined as "the total lack of any employment on any day" (Labor Law § 522). This presents a factual question for the Board to resolve and its determination will be upheld if supported by substantial evidence (see Matter of Roberson [Commissioner of Labor], 142 AD3d 1259, 1260 [2016]). Here, claimant did not dispute that, while receiving unemployment insurance benefits, he attended Planning Board meetings on the dates in issue in his capacity as an appointed member, and that he received compensation for that position. Thus, substantial evidence supports the Board's decision that he was not totally unemployed on those days and was, therefore, ineligible to receive unemployment insurance benefits (see id.).[1] Contrary to

_____

[1] While claimant's position on the Planning Board may be "policymaking or advisory" and, thus, not qualify as employment for purposes of filing a valid original claim and obtaining unemployment insurance benefits (see Labor Law § 565 [2] [f]), this remunerated position nonetheless is relevant to the issue of whether claimant is "totally unemployed" while certifying for

claimant's arguments, the unemployment insurance handbook, which was available to him, clearly advised that "[y]ou are considered employed on any day when you perform any services-even an hour or less" and that "[a]ny activity that brings in or may bring in income at any time must be reported." Thus, the factors that claimant relies upon, including that this was not his primary occupation and that he was not paid based upon attendance at each meeting, are irrelevant to the question of total unemployment.

Substantial evidence also supports the Board's factual determination that claimant made willful representations and false statements to obtain benefits when he certified for benefits, attesting that he had performed no work on days when he had provided services as a member of the Planning Board, permitting recoverable overpayments, forfeiture and a civil monetary penalty[2] (see Labor Law § 594; Matter of Kachmarik [Commissioner of Labor], 138 AD3d 1332, 1333-1334 [2016]). Pursuant to the handbook, parts of which claimant admitted reading and all of which was available to him, notice was given that "any activity" that brings in income and "all" work performed must be reported, regardless of whether or not it is for a primary occupation, involves supervisory responsibilities, is part time or is compensated per diem or by a small stipend. Thus, the record supports the inference and finding of willfulness. The imposition of a forfeiture penalty was also authorized and we decline to disturb it (see Labor Law § 594 [1]; Matter of McCann [Commissioner of Labor], 143 AD3d 1033, 1035 [2016]). Claimant's remaining contentions, to the extent that

_____

benefits based upon former employment (Labor Law § 591 [1]).

   [2]  The amendment to Labor Law § 594 (4) authorizing a civil penalty for willful misrepresentations is applicable to the initial determination here made on April 2015, as the Legislature provided that the amendment would apply to "overpayments established after October 1, 2013" (L 2013, ch 57, part O, §§ 16, 29 [e]).

they are preserved for our review, similarly lack merit.[3]

Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ., concur.


ORDERED that the decisions are affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court

---

[3]  Claimant has not raised any arguments in his brief regarding the Board's denial of his application to reopen or reconsider and, as such, has abandoned any claims in that regard (see Matter of Clarke [Select Med. Corp., Inc.—Commissioner of Labor], 139 AD3d 1285, 1288 n [2016]).