Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 24, 2015, as resettled by a decision filed August 4, 2015, which, among other things, ruled that claimant was ineligible to receive certain unemployment insurance benefits because she earned over the statutory limitation.
 

 Claimant was employed as a part-time adjunct lecturer by the City University of New York at Baruch College. Claimant taught for, among other periods, the summer 2011 term, spring 2012 semester, fall 2012 semester, winter 2013 term, spring 2013 semester, fall 2013 semester and spring 2014 semester. Claimant applied for and received unemployment benefits— including federally-funded emergency unemployment compensation benefits (see Pub L 110-252, tit IV, § 4001 et seq., 122 US Stat 2323) — in regard to certain weeks during the aforementioned terms and semesters. In regard to each week at issue, claimant certified that she had not earned more than $405 before taxes as a result of her employment. By initial determination, the Department of Labor determined that claimant was ineligible to receive unemployment benefits for specified weeks on the basis that she was not totally unemployed and her earnings exceeded the statutory limitation of $405 a week; it charged her with an overpayment of benefits and emergency benefits, which were recoverable, reduced her right to receive future benefits by a specified number of effective days and also imposed specified monetary penalties on the basis that she made willful misrepresentations to obtain benefits. The determination was initially sustained by a default decision of an Administrative Law Judge (hereinafter ALJ) following claimant’s failure to appear at a scheduling hearing. The ALJ subsequently granted claimant’s application to reopen the default decision and then sustained the Department’s determination.
 

 Upon claimant’s subsequent appeal, the Unemployment Insurance Appeal Board rescinded the ALJ’s decision and remanded the case for a hearing to further develop the record. After the subsequent hearing, the ALJ again sustained the Department’s determination. Claimant appealed and, after the Board reviewed the entire record, it overruled the determination that, as to the week ending June 12, 2011, claimant had made a willful misrepresentation to obtain benefits and otherwise overruled the determination that claimant had made willful misrepresentations to obtain benefits from January 23, 2012 through May 20, 2012; the Board also overruled the charges for overpayments, reductions in the right to receive future payments and monetary penalties that were associated with the aforementioned periods, but it otherwise affirmed the determination. Claimant now appeals.
 

 Initially, we find that substantial evidence supports the Board’s determination that claimant made willful false statements to obtain certain benefits. “It is well settled that the question of whether a claimant ha[s] made . . . willful misrepresentation [s] to obtain benefits is a factual issue for the Board to resolve and will be upheld if supported by substantial evidence” (Matter of Kachmarik [Commissioner of Labor], 138 AD3d 1332, 1333 [2016] [internal quotation marks and citations omitted]; see Matter of Guibord [Commissioner of Labor], 147 AD3d 1137, 1138 [2017]; Matter of Barbera [Commissioner of Labor], 28 AD3d 973, 975 [2006]). “Notably, there is no acceptable defense to making a false statement . . . and a claim that the misrepresentation was unintentional is not sufficient” (Matter of Boscarino [Commissioner of Labor], 117 AD3d 1145, 1147 [2014] [internal quotation marks and citations omitted]; see Matter of Guibord [Commissioner of Labor], 147 AD3d at 1138; Matter of Bowlby [Commissioner of Labor], 31 AD3d 939, 940 [2006]).
 

 The record reflects that claimant had received an unemployment insurance handbook that specified that she was eligible to receive partial benefits as a part-time worker if, among other things, she earned less than $405 in a week. Claimant’s contention that she relied on a formula provided by a Department of Labor representative in order to calculate her weekly wage— rather than simply dividing the amount shown on her biweekly paystub by two — is unavailing, particularly given that at no point did claimant inform the representative that she was receiving biweekly pay stubs that showed that she was, in fact, earning amounts greater than $405 per week. Under these circumstances, substantial evidence supports the Board’s determination that claimant made willful misrepresentations (see Labor Law § 597 [4]; Matter of Robinson [Commissioner of Labor], 75 AD3d 1030, 1030-1031 [2010]; Matter of Sferlazza [Nassau Community Coll. — Commissioner of Labor], 69 AD3d 1184, 1184-1185 [2010]; Matter of LoRe [Suffolk County Community Coll.—Commissioner of Labor], 54 AD3d 455, 456 [2008]).
 

 We further find without merit claimant’s contention that the ALJ exhibited bias, as the record does not provide “factual support demonstrating bias [or] proof that the administrative outcome flowed from [any] such bias” (Matter of Rodriguez v State Bd. for Professional Med. Conduct, 110 AD3d 1268, 1271 [2013] [internal quotation marks and citation omitted]; see Matter of Jachym [Today’s Cleaning Serv.—Commissioner of Labor], 143AJD3d 1017, 1019 [2016]; Matter of Boudreau [Commissioner of Labor], 253 AD2d 939, 939 [1998]). Claimant’s remaining arguments have been considered and are found to be without merit.
 

 Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ., concur.
 

 Ordered that the decision is affirmed, without costs.