Matter of Schneider (Commissioner of Labor) (2018 NY Slip Op 00596)





Matter of Schneider (Commissioner of Labor)


2018 NY Slip Op 00596


Decided on February 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 1, 2018

525077

[*1]In the Matter of the Claim of PERRI R. SCHNEIDER, Appellant.
and
COMMISSIONER OF LABOR, Respondent.

Calendar Date: December 13, 2017

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Perri R. Schneider, New York City, appellant pro se.
Eric T. Schneiderman, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 25, 2017, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.
After claimant lost her job for reasons not at issue in this matter, she applied for and received unemployment insurance benefits. While certifying for unemployment insurance benefits between February 2, 2015 and September 20, 2015, claimant worked for a retail clothing business, generally working four days a week with varying hours. However, in certifying for unemployment insurance benefits during this period, claimant generally reported working one to two days a week, explaining at the hearing that she totaled the hours worked in a week and divided that number by eight hours — which claimant considered to be a full day of work — to arrive at the total number of workdays. Further, in certifying weekly as to whether she earned over the
statutory limit of $405, claimant used her net, rather than her gross, pay. The Unemployment Insurance Appeal Board affirmed a decision of an Administrative Law Judge finding that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed and, among other things, charged her with a recoverable overpayment of benefits due to willful misrepresentations. Claimant appeals.
We affirm. Substantial evidence supports the Board's finding that claimant lacked total unemployment and that she made willful false statements to obtain benefits. "It is well settled that the question of whether a claimant has made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and will be upheld if supported by substantial evidence" (Matter of Guibord [Commissioner of Labor], 147 AD3d 1137, 1138 [2017] [internal quotation [*2]marks, brackets and citations omitted]). "[A] claimant may be found to have made a willful misrepresentation to obtain benefits even if the false statement was made unintentionally or was the result of confusion" (Matter of Smith [Commissioner of Labor], 107 AD3d 1287, 1288 [2013]; see Matter of Guibord [Commissioner of Labor], 147 AD3d at 1138; Matter of Deutsch [Commissioner of Labor], 126 AD3d 1209, 1210 [2015]).
Here, claimant acknowledged that the time records from the retail clothing business accurately reflected the hours and days that she worked, as well as the amount paid, which differed from what she reported when certifying for benefits. Moreover, claimant admitted that she read the unemployment insurance handbook — which explained the reporting requirements, what constitutes work and the instructions on how to certify for benefits. Specifically, the handbook instructed that "[i]f you did any work on any day, even if it was an hour or less and even if you do not receive pay, it counts as a day of work and must be reported. Also, you are not eligible to receive benefits for any week in which you earn more than the maximum benefit rate (in gross wages, before any deductions), regardless of the number of days worked." Although claimant contends that she was confused and any misrepresentations were inadvertent, this created a credibility issue for the Board to resolve (see Matter of Nebel [Commissioner of Labor], 108 AD3d 1007, 1008 [2013]). Under the circumstances, there is no basis to disturb the Board's finding of ineligibility or the imposition of a recoverable overpayment and the forfeiture penalty (see Matter of Guibord [Commissioner of Labor], 147 AD3d at 1138; Matter of Nebel [Commissioner of Labor], 108 AD3d at 1008).
McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.