Matter of Mangiero (Commissioner of Labor) (2021 NY Slip Op 05062)





Matter of Mangiero (Commissioner of Labor)


2021 NY Slip Op 05062


Decided on September 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 23, 2021

533002
[*1]In the Matter of the Claim of Kristen Mangiero, Appellant. Commissioner of Labor, Respondent.

Calendar Date:September 3, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.

Kristin R. Mangiero, New York City, appellant pro se.
Letitia James, Attorney General, New York City (Dawn A. Foshee of counsel), for respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 26, 2020, which ruled, among other things, that claimant was ineligible to receive pandemic unemployment assistance.
Claimant filed an original claim for unemployment insurance benefits effective March 9, 2020. In a series of determinations, the claim was denied upon the grounds that claimant did not have a valid original claim for regular unemployment insurance benefits and was ineligible for pandemic unemployment assistance pursuant to the federal Coronavirus Aid, Relief, and Economic Security Act (see 15 USC § 9021, as added by Pub L 116-136, 134 Stat 323). Following a hearing, the denial was upheld by an Administrative Law Judge. The Unemployment Insurance Appeal Board affirmed, and claimant appeals.
We affirm. As claimant admittedly performed no paid work during her base period or alternate base period, substantial evidence supports the Board's finding that she "did not have sufficient covered earnings to file a valid original claim pursuant to Labor Law § 527" (Matter of Ankhbara [Commissioner of Labor], 105 AD3d 1244, 1244-1245 [2013]; see Matter of Kelly [Commissioner of Labor], 145 AD3d 1306, 1307 [2016]). The issue accordingly turns to whether claimant was entitled to pandemic unemployment assistance, which was made available to covered individuals for "weeks of unemployment, partial unemployment, or inability to work caused by COVID-19" beginning in January 2020 (15 USC § 9021 [c] [1] [A]). A covered individual is defined, in relevant part, as a person who is ineligible "for regular compensation or extended benefits under [s]tate or [f]ederal law or pandemic emergency unemployment compensation under [15 USC §] 9025" and who is, despite being otherwise able and available to work, unable or unavailable to do so because of one or more specified factors relating to the COVID-19 pandemic (15 USC § 9021 [a] [3] [A]).
Claimant was ineligible for regular unemployment insurance benefits given her failure to work during the relevant period and contended that she was unable and unavailable to work due to one of the qualifying factors for pandemic unemployment assistance, namely, that she was "unable to reach [her] place of employment because [she was] advised by a health care provider to self-quarantine due to concerns related to COVID-19" (15 USC § 9021 [a] [3] [A] [ii] [I] [ff]).[FN1] The statutory directive that an applicant be "unable to reach the place of employment" presupposes that he or she has a place of employment to reach, however, removing from its scope individuals such as claimant who were not working or scheduled to start working at the time they were directed to self-quarantine (15 USC § 9021 [a] [3] [A] [ii] [I] [ff]). The Board read the statutory language in that manner and in accord with guidance from the United States Department of Labor — the federal agency tasked with providing operating instructions for the joint federal-state pandemic [*2]unemployment insurance program (see 15 USC § 9032 [b]) and from which we take judicial notice — that an individual "must have an attachment to the labor market and must have experienced a loss of wages and hours or [be] unable to start employment following a bona fide job offer" in order to obtain pandemic unemployment assistance (United States Department of Labor, Employment and Training Administration, Unemployment Insurance Program Letter No. 16-20, Change 1, at I-6, http://wdr.doleta.gov/directives
/attach/UIPL/UIPL_16-20_Change_1.pdf). Thus, as "'the federal agency expressly concurs in the state's interpretation of the statute, and the interpretation is a permissible construction of the statute,' the interpretation is entitled to deference," and it follows that substantial evidence supports the Board's finding that claimant was not entitled to pandemic unemployment assistance (Cricchio v Pennisi, 90 NY2d 296, 309 [1997], quoting Perry v Dowling, 95 F3d 231, 237 [2d Cir 1996]).
Finally, we have examined and rejected claimant's complaints about the conduct of the Administrative Law Judge, "as the record does not provide factual support demonstrating bias or proof that the administrative outcome flowed from any such bias" (Matter of Timberlake [Commissioner of Labor], 153 AD3d 1457, 1459-1460 [2017] [internal quotation marks, citations and brackets omitted]; see Matter of Boudreau [Commissioner of Labor], 253 AD2d 939, 939 [1998]).
Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: We will not consider evidence submitted by claimant regarding her medical restrictions that was not part of the record before the Board (see Matter of Green [Village of Hempstead-Commissioner of Labor], 80 AD3d 954, 956 [2011]) and that is, in any event, irrelevant to the dispositive issue of whether she had a place of employment that she was prevented from reaching.