Matter of Stoddard (Farm Family Cas. Ins. Co. Corp.) (2024 NY Slip Op 03522)

Matter of Stoddard (Farm Family Cas. Ins. Co. Corp.)

2024 NY Slip Op 03522

Decided on June 27, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 27, 2024

CV-23-0628
[*1]In the Matter of the Claim of Robert Stoddard, Appellant. Farm Family Casualty Insurance Company Corporation, Respondent. Commissioner of Labor, Respondent.

Calendar Date:June 3, 2024

Before:Garry, P.J., Clark, Aarons, Pritzker and McShan, JJ.

Hurwitz Fine PC, Buffalo (Scott D. Storm of counsel), for appellant.
Bond, Schoeneck & King PLLC, Albany (Sanjeeve K. DeSoyza of counsel), for Farm Family Casualty Insurance Company Corporation, respondent.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for Commissioner of Labor, respondent.

McShan, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 25, 2022, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.
From January 2019 through May 2020, claimant — who is and was during the relevant time period employed as a full-time senior investigator for Farm Family Casualty Insurance Company Corporation — was employed on a part-time basis as a parking enforcement agent for the Village of New Paltz, Ulster County. In May 2020, after being laid off from his employment as a parking enforcement agent due to the COVID-19 pandemic, claimant filed a claim for unemployment insurance benefits, effective April 27, 2020. Thereafter, for the weeks ending May 10, 2020 through August 30, 2020 and September 13, 2020 through February 28, 2021 claimant certified for benefits, and, as a result of his certifications, claimant received unemployment insurance benefits, federal unemployment benefits under the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act) (see 15 USC § 9021; see also 15 USC § 9025), as well as Lost Wage Assistance (hereinafter LWA) pursuant to 44 CFR 206.120. Upon each certification, claimant reported that he did not earn more than $504 during the applicable period.
In May 2022, the Department of Labor issued a determination finding claimant ineligible for unemployment insurance benefits from May 4, 2020 through February 28, 2021, because he was not totally unemployed and earned more than the maximum weekly benefit rate, charging claimant with a recoverable overpayment of unemployment insurance benefits, as well as benefits under the CARES Act and LWA, and imposing a monetary penalty as well as a reduction of claimant's right to receive future benefits by 208 effective days on the basis that he made willful misrepresentations to obtain benefits. A hearing ensued, after which an Administrative Law Judge sustained the Department's determination in toto. In an October 2022 decision, the Unemployment Insurance Appeal Board affirmed the decision of the Administrative Law Judge. Claimant appeals.
We affirm. As an initial matter, there is no dispute that, during the time period at issue, claimant continued to work at his full-time position at Farm Family and received his regular salary, which exceeded the statutory benefit rate (see Labor Law §§ 523, 590 [3]; Matter of Robinson [Commissioner of Labor], 75 AD3d 1030, 1031 [3d Dept 2010]). Accordingly, the Board's decision that claimant was ineligible for unemployment insurance benefits because he was not totally unemployed is supported by substantial evidence (see Labor Law § 591 former [1]; Matter of McNamara [Commissioner of Labor], 215 AD3d 1215, 1216 [3d Dept 2023]; Matter of Kelly [Commissioner of Labor], 215 AD3d 1157, 1158 [3d Dept 2023]). "Given the Board's finding that claimant was not totally unemployed and therefore ineligible for unemployment insurance [*2]benefits under state law, claimant was also not eligible to receive federal pandemic assistance under the CARES Act" (Matter of McNamara [Commissioner of Labor], 215 AD3d at 1216 [citations omitted]; accord Matter of Kelly [Commissioner of Labor], 215 AD3d at 1158; see Matter of Douglas [Commissioner of Labor], 217 AD3d 1311, 1312-1314 [3d Dept 2023]).
"Turning to the issue of willfulness[, and the Board's imposition of recoverable overpayment of benefits], it is well settled that a claimant is responsible for accurate reporting and must disclose any [employment] activity when certifying for unemployment insurance benefits[, and] . . . there is no acceptable defense to making a false statement and a claim that the misrepresentation was unintentional is not sufficient" (Matter of Cardella [Commissioner of Labor], 179 AD3d 1367, 1369 [3d Dept 2020] [internal quotation marks, ellipsis and citations omitted]; see Matter of Spring [Syracuse City Sch. Dist.-Commissioner of Labor], 215 AD3d 1211, 1212 [3d Dept 2023]; Matter of Kelly [Commissioner of Labor], 215 AD3d at 1159; Matter of Arrigo [Commissioner of Labor], 211 AD3d 1287, 1288 [3d Dept 2022]). Inasmuch as claimant did not disclose, when certifying for benefits, his continued full-time employment as a senior investigator or his full-time salary from that employment which exceeded the statutory benefit rate, there is no basis to disturb the Board's finding that claimant made willful false statements to obtain benefits warranting the recovery of the benefits paid to him (see Matter of Spring [Syracuse City Sch. Dist.-Commissioner of Labor], 215 AD3d at 1212). "Regardless of whether claimant read the [unemployment insurance] handbook online, he is charged with constructive knowledge of its contents" (Matter of Arrigo [Commissioner of Labor], 211 AD3d at 1289 [citation omitted]). In any event, when certifying for benefits online, claimant was made aware of the requirement that that he must report "each day" that he worked, which he failed to do. The Board, as the sole arbiter of credibility, was also entitled to reject claimant's exculpatory testimony, including his claim that his inaccurate certifications were made as a result of an inadvertent error and misinformation that he received and relied upon from a Department representative (see Matter of Canonico [Commissioner of Labor], 217 AD3d 1307, 1308 [3d Dept 2023]; see also Matter of Yura [Commissioner of Labor], 224 AD3d 1055, 1058 [3d Dept 2024]; Matter of McNamara [Commissioner of Labor], 215 AD3d at 1216-1217). Accordingly, claimant was properly charged with recoverable overpayments for the benefits that claimant received (see Matter of Almindo [New York State Dept. of Corr. & Community Supervision-Commissioner of Labor], 223 AD3d 5, 8 [3d Dept 2023]). Given the Board's finding that claimant willfully made a false statement or representation to obtain benefits, there is also no basis to disturb the Board's imposition of a monetary penalty and [*3]forfeiture of future benefit days (see Labor Law §§ 594, 597 [4]; Matter of McNamara [Commissioner of Labor], 215 AD3d at 1217; Matter of Spring [Syracuse City Sch. Dist.-Commissioner of Labor], 215 AD3d at 1212). Claimant's remaining contentions, to the extent they are preserved for our review, have been considered and found to be unpersuasive.
Garry, P.J., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.